BULLITT
v.
SCRIBNER.

## BULLITT *v.* SCRIBNER.

The assignment of promissory notes, in this state, is not governed by the *law of merchants.*

The assignee of a note obtained a judgment and *ca. sa.* in due time against the maker, who was committed to gaol, and discharged under the insolvent law: *Held,* that this was *prima facie* evidence of due diligence, under the statute, to bind the assignor, who, before suit on the assignment, knew of the maker's insolvency.

*Saturday,*
*May 16.*

APPEAL from the *Clark* Circuit Court.—Assumpsit by the assignee against the assignor of a promissory note. Plea, non assumpsit. The jury found a special verdict to the following effect: That *Elliott* made the note to *Scribner,* who, before it became due, assigned it to *Bullitt*; that the day after it became due, *Bullitt* commenced suit against *Elliott,* who confessed judgment for the amount of the note at the term to which the writ was returnable; that a *capias ad satisfaciendum* was immediately taken out, upon the judgment, against *Elliott,* who was committed to prison, and afterwards discharged under the act of insolvency; that directly after such discharge, *Bullitt* instituted his suit against *Scribner* on the assignment of the note; that notice of *Elliott's* default was not given to the defendant, but he knew of the insolvency before the suit on the assignment was commenced against him; that if, upon these facts, the law was in favour of the plaintiff, the jury found for him 800 dollars; but if the law was otherwise, then they found for the defendant.

The Circuit Court was of opinion, that, upon this special verdict, the law was with the defendant, and the judgment was entered accordingly.

BLACKFORD, J.—This judgment is founded upon the idea, that cases of this kind must be governed by the *lex mercatoria* of *England.* We are of opinion, however, that the law of our country is otherwise. Supposing the *law merchant* to be a part of the common law, and adopted into our code, still that does not prove the correctness of the judgment before us. Promissory notes were not governed by the *law merchant,* until they were put upon a footing with bills of exchange, by the statute of *Anne* (1). That statute was never in force in this state. Our act of

assembly upon the subject provides, that the assignee, having used *due diligence* to obtain the money from the maker of the note, without effect, may maintain an action against the assignor (2). The enquiry here is not, as in *England*, whether the rules of the *law merchant* have been pursued, but whether the assignee has used due diligence, without effect, to obtain the money from the maker of the note. The law of *Virginia* is similar in principle to ours. There the general rule is, that there must be due diligence by *a suit at law* against the maker of a bond or note. *Mackie* v. *Davis*, 2 Wash. Rep. 219.—*Lee* v. *Love*, 1 Call's Rep. 499. And in *Goodall* v. *Stewart*, 2 Hen. and Munf. 105, a return of *nulla bona* to a *fieri facias*, duly issued, was held sufficient. In the case before us, the assignee commenced suit, obtained judgment, and issued a *capias ad satisfaciendum*, in due time against the maker of the note, who was committed to gaol on the execution, and afterwards discharged under the act of insolvency. It is objected that the execution should have been a *fieri facias*, but we see no ground for the objection: it does not appear but that the course pursued was a judicious one, and that the kind of execution which issued, was as well calculated as any other, to ensure satisfaction of the judgment. According to the facts of this case, as set out in the special verdict, the plaintiff was entitled to the judgment of the Court.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Hurst*, and *Ferguson*, for the appellant.

*Dewey*, and *Moore*, for the appellee.

(1) Vide *appendix* to 1 Cranch, 367, where the reporter attempts to show, that the stat. 3 and 4 *Anne*, is merely declaratory of the former law. The current of authorities, however, both before and since the statute, it is believed, accords with the doctrine in the text. *Clerke* v. *Martin*, 2 Ld. Raym. 757. —*Buller* v. *Crips*, 6 Mod. 29.—*Trier* v. *Bridgman*, 2 East, 359, where *Ellenborough*, C. J. says, the stat. 3 and 4 *Anne*, c. 9., first gave an action upon such an instrument; before which, neither the payee nor indorsee, could have sued the maker on the note. Vide *Blanckenhagen* v. *Blundell*, 2 Barnew. and Ald. 417, to the same effect. In *Ind.* promissory notes, *payable at a chartered bank, within the state*, are placed on the same footing as inland bills of exchange, according to the custom of merchants. Ind. Stat. 1823, p. 330.

(2) Ind. Stat. 1817, p. 233.—Acc. Ind. Stat. 1823, p. 330.