Mr. Justice Ciayton
delivered the opinion of the court.
In March, 1841, the defendant Hopkins assigned to the plain-' tiff all his right apd title to a judgment, in the Claiborne circuit court, of McLean v. McGilvary, “ to be collected by said Lile for his own use, and in any manner he might think proper.” In point of fact, the judgment had been previously paid off, and afterwards there was a perpetual supersedeas granted ‘to its enforcement. This action for money had and received was brought to recover back the amount paid for the judgment.
Upon the trial the plaintiff asked the court to charge the jury, “ that the sale of a chattel carried with it an implied warranty that there was such a chattel.” This charge the court refused to give, but instructed the jury, “that no action will lie by the *302 assignee of a judgment against the assignor, to recover the consideration paid, unless there is an express agreement to refund.”
In both the court erred. In every sale of a chattel there is an implied warranty of its existence, and that the vendor has title to it. Story on Sales, 184, 367. So in every assignment of an instrument, even not negotiable, the assignor impliedly warrants that the instrument is valid, and the obligor liable to pay it. Howell v. Wilson, 2 Blackf. 418. In Caton v. Lenox, 5 Rand. 47, the court says, “ the law does not tolerate that any person should transfer to another a right which he has not himself” In Indiana and in Virginia, the statute law in regard to assignments is similar to our own, and the assignment is not governed by the law merchant. Bullitt v. Scribner, 1 Blackf. 14; Machir v. Davis, 2 Wash. 219; Norton v. Rose, Ib. 233.
From this principle it follows, that a party who transfers a judgment must be held to an implied warranty, that there is such judgment, and that the defendant is liable to pay it. A satisfied judgment is, in fact,' no judgment, as regards those to whom it may be transferred after its payment. If it were the intention of the parties that the assignor should not be held to such an implied warranty, that fact must be established by him. Prima facie the implication arises from the transaction, and the payment of the consideration by the assignee, and it must stand unless rebutted by proof.
The judgment must be reversed, and a new trial granted.