## HALL v. ALLEN.

PROMISSORY NOTE.—*Pleading.*—*Presumptions of Law.*—A complaint by A., the holder, against B., the maker, on a promissory note, payable at a bank in this State to C., or bearer, need not aver a demand at the bank where payable. Where such complaint shows that the plaintiff is the holder of the note by averring the indorsement thereof to him by one to whom it was transferred, by delivery by the payee, the presumption of law, that every holder of negotiable paper is the owner, and that he took it for value, and before dishonor, and in the regular course of business, need not be averred. An answer to such a complaint stating an equitable defence as against the maker is not good without an averment of notice to the plaintiff before he received the note.

APPEAL from the Warren Common Pleas.

WORDEN, C. J.—Complaint by the appellee as holder, against the appellant as maker, of the following promissory note:

"$200.                    PINE VILLAGE, July 24th, 1867.

"One year after date, I promise to pay to H. C. Downer, or bearer, two hundred dollars, for value received, with interest, without release" (relief) "from valuation or appraisement laws. Payable at the First National Bank of Lafayette, Ind.        (Signed)                JAMES E. HALL."

The complaint alleges that Downer transferred the note before maturity, by delivery, to Thomas D. Odle, and that Odle indorsed the same to the plaintiff.

A demurrer to the complaint, for the want of sufficient facts, etc., was overruled, and the defendant excepted.

The defendant answered, thirdly, that the note was obtained by fraud and false representations, but did not aver any knowledge thereof, on the part of Odle, or the plaintiff. A demurrer for the want of sufficient facts was sustained to this paragraph of the answer, and the defendant excepted. Trial of the issues joined, by the court; finding and judgment for the plaintiff.

The errors assigned are upon the rulings of the court in overruling the demurrer to the complaint, in sustaining the demurrer to the third paragraph of the answer, and in overruling a motion for a new trial.

The point made against the complaint is, that it does not aver a demand at the bank where payable, before suit was brought. This is expressly rendered unnecessary by statute. 2 G. & H. 107, sec. 82. A demand when due is necessary to charge the indorser of commercial paper, but that is not this case. The demurrer to the complaint was correctly overruled.

In order to pass understandingly upon the validity of the third paragraph of the answer, it becomes necessary to examine the case made by the complaint.

The note in suit being payable to Downer, or bearer, in a bank in this State, is governed by the law merchant. Such a note, being payable to bearer, may be transferred by delivery merely, and needs no indorsement in order to transfer the absolute title. And a transferee of such paper by delivery receives it also as free from all equitable defences as a transferee by indorsement. 2 Parsons Notes and Bills, 42. The plaintiff's rights, as against the maker, are no greater for the indorsement of Odle than they would have been had the note been delivered without indorsement.

But the holder of commercial paper, in order to cut off the equities of the maker, must have received it before maturity, for a valuable consideration, and without notice of the maker's equities.

The complaint alleges that Downer transferred the note to Odle before maturity, but does not aver that the transfer was made upon a valuable consideration. It does not allege the consideration upon which, or the time when, the note was indorsed by Odle to the plaintiff.

The complaint is sufficient to show, however, that the plaintiff is the holder of the note, through these transfers. What presumptions of law are indulged in his favor as such holder? This question is answered by a reference to the author above quoted, who says (vol. 1, page 255), that "there is a *prima facie* presumption of law in favor of every holder of negotiable paper, to the extent that he is the owner of it, that he took it for value, and before dishonor, and in the regular course of business."

These facts need not have been alleged in the complaint, because they are presumed from the allegations showing the plaintiff to be the holder. Presumptions of law need not be stated in pleading. 2 G. & H. 111, sec. 88.

It being presumed then, from the plaintiff being the holder of the note, as alleged in the complaint, that he was such holder for value, having received it before due, and in the regular course of business, it would seem to follow, necessarily, that the defence set up, without averring that the plaintiff had notice thereof at the time he received the note, must be fatally defective.

We are of opinion that the demurrer was correctly sustained to the paragraph of the answer in question.

The finding of the court was amply sustained by the evidence, and the motion for a new trial was properly overruled.

The judgment below is affirmed, with costs and five per cent. damages.

*J. H. Brown,* for appellant.

