SYLVESTER B. SMITH AND THOMAS J. TOBEY v. CHARLES H. VAN BLARCOM AND JOHN R. VAN BLARCOM.

*Power of indefinite extension destroys negotiability*

A clause attached to a promissory note and providing that the payee or his assigns may indefinitely extend the time of payment, destroys its negotiability and makes it a simple contract.

Where a promissory note has a clause appended giving the payee the power to extend the time of payment indefinitely, the note and the clause must be construed together.

In an action between the original parties to a note the circumstances of its issue are open to explanation.

A proviso in a promissory note is not void unless it is illegal or nugatory; and if innocent it does not make the note illegal though it may destroy its negotiability.

Error to Branch. Submitted Jan. 12–13. Decided Jan. 26.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Richard A. Watts* and *Charles Upson* for plaintiff in error. Where a clause in a promissory note makes the time when it will fall due dependent on the will of the holder, it must be presumed that the time will come: *Seacord v. Burling* 5 Den. 445; *Clayton v. Gosling* 5 B. & C. 363; such a clause is mere surplusage: *Henschel v. Mahler* 3 Hill 132; *Bullock v. Taylor* 39 Mich. 137; *Myer v. Hart* 40 Mich. 517; power in the holder of a note to extend the time of payment does not destroy its negotiability: *Hodges v. Shuler* 22 N.Y. 114; *Hosstatter v. Wilson* 36 Barb. 307; *Heard v. Dubuque*

*County Bank* 8 Neb. 10; *Capron v. Capron* 44 Vt. 410; 1 Dan. Neg. Inst. §§ 35–40; *Newton Wagon Co. v. Dier* 4 N. W. R. (Neb.) 995; *Goshen Turnpike Co. v. Hurtin* 9 Johns. 217; *White v. Smith* 77 Ill. 351; *Stillwell v. Craig* 58 Mo. 24; *Cate v. Patterson* 25 Mich 191; *Tripp v. Curtenius* 36 Mich. 494; *Dutchess Cotton Mfy. v. Davis* 14 Johns. 239; *Protection Ins. Co. v. Bill* 31 Conn. 534.

*John W. Turner* and *Loveridge & Barlow* for defendants in error. A promissory note with a clause appended to it giving the payee power to entend the time of payment indefinitely, must be read together: *Barnard. v. Cushing* 4 Met. 230; an instrument is not a promissory note if the date at which it is payable cannot be made certain : *Brooks v. Hargreaves* 21 Mich. 254; a note must be payable unconditionally to be negotiable : 1 Dan. Neg. Inst. 34; *Hubbard v. Mosely* 11 Gray 170; *Amer. Exch. Bk. v. Blanchard* 7 Allen 333; it must be payable at a time certain : *Fralick v. Norton* 2 Mich. 130; *Mattison v. Marks* 31 Mich. 421; if its language is ambiguous, parol evidence of the circumstances under which it was made may be given to aid in construing it: *Facey v. Otis* 11 Mich. 213.

CAMPBELL, J. The only question in this case is whether the note in suit is negotiable so as to protect holders without notice.

It is a joint and several note signed by the two Van Blarcoms, payable to the order of one of them, Charles H. Van Blarcom, for $300, payable in the body of the note at 3 months with interest at 10 per cent. Appended to it was this clause : " The makers and endorsers of this note expressly agree that the payee, or his assigns, may extend the time of payment thereof indefinitely, as he or they may see fit."

The court below held that this destroyed the negotiability, because it rendered the time of payment uncertain.

Plaintiffs in error claim that this clause is void, and that the note should stand without it. But it cannot be held void unless it is either illegal or nugatory as meaning nothing.

Parties may make such innocent bargains as they choose, and the effect will not be to destroy the legality of the instrument, although it may destroy its negotiability.

By the terms of this note, which must be read subject to the condition, it was not payable absolutely three months after date, or at any other one time. The time of payment could be postponed not merely once but as often as either Charles H. Van Blarcom or his assigns might think it desirable. There is nothing on the face of the note whereby any one can tell either directly or by reference to any particular event, at what period this paper will become absolutely payable. We cannot conceive how this can be treated as not payable on a contingency.

It would not be easy to harmonize all the cases on this subject, and we shall not attempt to do so. If any of them maintain that the time of payment may be indefinitely shifted at the will of any of the parties, we cannot accept the doctrine. Public policy would not be furthered, and honesty would not be subserved by encouraging the negotiation of paper which is so palpably uncertain on its face that no good business man can look at it without seeing that it must have originated in peculiar dealings which would probably, if known, qualify its obligation.

As between the original parties to this note the circumstances of its issue can be explained, and when explained it appears that this was only one of various contemporaneous written contracts which must be read together. When so read the condition in question is shown to have had a reasonable and important purpose, and to have been limited by the other writing. The negotiation of the note was a fraud on the makers, if their claims are true, and nothing but the supposed negotiable quality of the note could deprive them of their defense. We think the condition in question reduced the paper to a simple contract and destroyed its quality as a negotiable note.

The judgment must be affirmed with costs.

The other Justices concurred.