Miller v. Poage.

MILLER v. POAGE.

1. **Promissory Note:** NEGOTIABILITY. A promissory note in the ordinary form contained the following clause immediately preceding the signature: "If this agent does not sell enough in one year, one more is granted:" *Held*, that such provision rendered the note non-negotiable. DAY, J., and ADAMS, CH. J., *dissenting*.

*Appeal from Linn Circuit Court.*

SATURDAY, APRIL 23.

ACTION on the following instrument in writing:

"$100.     AUDUBON TP., Audubon Co., Iowa, April 26, 1878.

"One year after date I promise to pay to the treasurer of the National Iron Fence Co., of Cedar Rapids, Iowa, or order, One Hundred Dollars, at Cedar Rapids, Iowa, value received, with interest at ten per cent from date. Reasonable attorney fee if suit be instituted on this note. *If this agent does not sell enough in one year, one more is granted."*

There was judgment for the defendant and the plaintiff appeals.

*Ward & Harmon,* for appellant.

*I. W. Whittam,* for appellee.

SEEVERS, J.—The only question to be determined is whether the instrument sued on is negotiable. The appellee insists it is not, because of the italicized words. The appellant insists the instrument is not payable out of a certain fund, and is payable at the expiration of

1. PROMISSO-
RY NOTE:
negotiability.

two years from its date, if not sooner, and is, therefore, negotiable.

We think the true construction is that the maker was the agent of the payee for the sale of something, and if he realized sufficient funds from such sales the amount specified was to be paid within one year. Payment during such time was to be made only on condition that the necessary funds were realized. This clearly implies the instrument was to be paid out of a particular fund, and for this reason, and because payable only on the happening of a condition, it was not negotiable during the period aforesaid. It is true it is payable absolutely at the expiration of two years. But we think it must have been negotiable when executed, and continuously from that time, or not at all.

No adjudicated case to which our attention has been called is precisely like this. The nearest approach to it is *Cotta v. Buck*, 7 Met., 588. It is difficult to draw a sharp distinction between the two cases. We shall not, therefore, make the attempt, but determine the case at bar upon principle, as we deem right.

AFFIRMED.

DAY, J., *dissenting.* I cannot concur in the foregoing opinion. It cites no authority and is in conflict with *Cotta v. Buck*, 7 Met., 588, to which it refers. In my opinion the instrument in question possesses all the elements of negotiability. The italicized portion does not render the note payable out of a particular fund, but simply provides a condition upon which the payment shall be extended one year. The note may be payable in one year. It is payable absolutely in two years. In my opinion the plaintiff should have recovered.

ADAMS, CH. J., concurs in this dissent.