WOODBURY, WILLIAMS & ENGLISH v. ROBERTS.

1. **Promissory Note**: TIME OF PAYMENT UNCERTAIN: NOT NEGOTIABLE. When an instrument is not certain, or is not capable of being made certain, as to the time of payment, the law does not regard it as negotiable paper.

*Appeal from Des Moines Circuit Court.*

THURSDAY, SEPTEMBER 21.

ACTION upon a promissory note. The cause was submitted to the Circuit Court upon the question of the negotiability of the note, under a written stipulation of the attorneys of the parties, and the court decided that the instrument is not negotiable. Plaintiffs appeal.

*Newman & Hake,* for appellants.

*Whiffin & Brown,* for appellee.

BECK, J.—The only question in the case involves the negotiability of the note in suit, of which the following is a copy:

"$300. DALLAS TOWNSHIP, IOWA, March 18, 1880.

"Three months after date, I promise to pay to the order of Warren Roberts three hundred dollars, at the First National Bank of Burlington, Iowa, value received, with interest at ten per cent per annum, including attorney's fees and all costs of collection."

"The makers and indorsers of this obligation further expressly agree that the payee, or his assigns, may extend the time of payment thereof from time to time indefinitely as he or they may see fit." (Signed) "WARREN ROBERTS."

"Indorsed on the back, WARREN ROBERTS."

When an instrument is not certain, or is not capable of being made certain, as to the time of payment, the law does not regard it as negotiable paper. By the terms of the con-

dition of the note in suit it would never fall due, but could be indefinitely extended at the will of the maker and indorser, who, it will be observed, is the same party. When the instrument was executed the time of its maturity was contingent upon the option of the maker of the note. It was impossible to determine when it would become due by the assent of the maker. The time of payment was uncertain and was not capable of being made certain. Nothing happened after its execution to remove this uncertainty.

Notes, which by their terms are payable on or before a fixed time or a specified event, are, it is true, uncertain as to the time at which they are payable. But there is no uncertainty as to the time when they become absolutely due. Paper of this character is regarded by the courts as negatiable. But the note before us may never fall due, for payment may be extended indefinitely.

The rules applicable to commercial paper were transplanted into the common law from the law merchant. They had their origin in the customs and course of business of merchants and bankers, and are now recognized by the courts because they are demanded by the wants and convenience of the mercantile world. Surely these rules ought not to be extended to paper, the like of which was never heard of in mercantile transactions. What business man would expect a banker to discount his paper in the form of the note in question in this case? What merchant ever offered to give or was asked to receive a promissory note containing a like condition? We may safely say that notes of this kind are unknown to commercial transactions. Why, then, extend to them the rules of the commercial law?

By regarding such paper as non-negotiable no prejudice will result to the mercantile and financial business of the country, but sharpers will be defeated in their attempts to swindle the confiding and unwary, a result in accord with sound public policy and good morals.

*Miller v. Poage,* 56 Iowa, 96; *Smith v. Van Blarcom,*

8 N. W. Rep., 90, support the conclusions we have reached that the note in suit is not negotiable. The case last named holds a note to be non-negotiable which contains the precise condition found in the note before us.

The judgment of the Circuit Court is

AFFIRMED.