No. 11,524.

MELTON ET AL. *v.* GIBSON.

PROMISSORY NOTE.—*Payable to Order or Bearer.—Commercial Paper.—Statute Construed.*—A promissory note payable to a designated person or bearer, or payable to bearer, is a valid promissory note, and when payable at a bank in this State is, under our statute, protected as commercial paper in the hands of a *bona fide* holder.

SAME.—*Definition.*—The statute does not define what is a valid promissory note, but accepts the instruments so defined by the common law.

SAME.—*Payable at Bank.—Bearer.*—A promissory note, valid at common law, is so under our statute, but is not negotiable under the law merchant unless payable at a bank in this State. That it is transferable by delivery does not affect its negotiability under the statute.

SAME.—*Indorsement.—Delivery.*—Section 5501, R. S. 1881, authorizes the assignment of all classes of choses in action by endorsement, but does, not require an endorsement where the instrument in terms authorizes a transfer by delivery. ·

From the Kosciusko Circuit Court.

*L. H. Haymond* and *L. W. Royse,* for appellants.

*J. D. Widaman* and *J. W. Cook,* for appellee.

ELLIOTT, C. J.—The note upon which this action is founded is payable at a bank in this State, and to the " Jacksonville Sulkey Plow Works or bearer." By our statute, promissory notes payable at a bank in this State are negotiable under the law merchant, and by that law all promissory notes in the hands of a holder · for value, without notice, and where title was acquired before maturity, are protected against the defences of want or failure of consideration.

The contention of the appellant is, that as the note is payable to bearer, and not to order, it is not protected by the law merchant. This contention can not prevail. A promissory note payable to a designated person or bearer, or payable to bearer, is a valid promissory note, and as such is, when payable at a bank in this State, protected as commercial paper in the hands of a *bona fide* holder. Story says: " So, a note payable to A or bearer, or payable to bearer, is a valid

promissory note." Story Prom. Notes, section 36. A note payable to bearer is, in legal contemplation, payable to the person who becomes the lawful holder. 1 Daniel Neg. Inst., section 99. It is, however, argued that promissory notes are negotiable by virtue of our statute, and that we can not look outside of our own State for authority. It is true that our statute does establish peculiar rules upon this subject. *Bullitt* v. *Scribner,* 1 Blackf. 14; *Holloway* v. *Porter,* 46 Ind. 62. But, while this is true, it is also true that promissory notes payable in bank are made negotiable as inland bills of exchange, and such instruments, as is well known, are protected in the hands of *bona fide* holders. Our statute does not determine what a valid promissory note is, but accepts as the correct description of such an instrument that given by the common law authorities. The statute does not profess to define what shall be the form or effect of a promissory note, but provides that when such an instrument is payable at a bank in this State, it shall have the same protection as that given to inland bills of exchange. The effect of this provision is not to give the character of a promissory note to an instrument, but to require that in order that the note shall possess the requisite of negotiability under the law merchant, it must be payable at a bank in this State.

A promissory note valid at common law is so under our statute; it is not, however, negotiable under the law merchant unless payable at a bank in Indiana. When the instrument is valid in form and effect as a promissory note, and is payable as the statute prescribes, it possesses substantially the same elements of negotiability as an inland bill of exchange. The statute is so plain that we can see no room for fair debate; thus it reads: "Notes payable to order or bearer in a bank in this State shall be negotiable as inland bills of exchange." Both kinds of notes, those payable to order and those payable to bearer, are here given explicit recognition. Our decisions recognize the doctrine that notes payable at a bank are protected as inland bills of exchange, although pay-

able to bearer and transferred by delivery. *Hall* v. *Allen,* 37 Ind. 541 ; *Riley* v. *Schawacker,* 50 Ind. 592.

The section of the statute which provides that all instruments for the payment of money shall be negotiable by endorsement applies to such instruments as require an endorsement to pass the legal title, and was not intended to apply to cases where the full legal title passes by delivery. R. S. 1881, section 5501. The main purpose of this provision was to authorize the assignments of all kinds of choses in action, and not to make it necessary to transfer by writing where the instrument itself, and by force of its own terms, vested the entire legal title by delivery. The statute does not require an endorsement or written assignment in cases where the title will pass without it. The intention of the law-makers was to increase, not diminish, the right of transfer of choses in action, and they did not intend to require a written transfer in cases where the contract of the parties provided for payment to the bearer, and where, by the common law, delivery placed the whole title in the person receiving the instrument.

Judgment affirmed.

