Glidden v. Henry.

No. 12,288.

GLIDDEN v. HENRY.

PROMISSORY NOTE.—*Commercial Paper.*—*Time of Payment.*— *Provision in Note for Extension.*—A note, although payable in a bank in this State twelve months after date, is not negotiable as an inland bill of exchange when it contains a provision that "the payee or his assigns may extend the time of payment from time to time indefinitely, as he or they may see fit," as the time of payment is not certain and unconditional; and in an action on such note defences may be made as in actions on other non-negotiable paper.

SAME.—*Plea in Abatement.*—*Practice.*—The defence of an extension of time of payment of a promissory note should be made as a plea in abatement, and under the statute (section 365, R. S. 1881,) it can not be pleaded with, but must precede, an answer in bar.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellant.

*J. M. Morris*, for appellee.

ZOLLARS, J.—For value and before maturity, appellee became the owner of two promissory notes, executed by appellant, one of which is as follows:

"$750.            NEWCASTLE, IND., April 14, 1883.

"Twelve months after date we, or either of us, promise to pay to the order of George W. Nugen, Jr., seven hundred and fifty dollars, with interest at the rate of seven per cent. per annum after date until paid, and attorney fees, value received, without any relief whatever from valuation or appraisement laws, with.eight per cent. interest from maturity. The drawers and endorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note; and further expressly agree that the payee, or his assigns, may extend the time of payment thereof from time to time indefinitely, as he or they may see fit, and receive interest in advance, or otherwise, from the maker or endorsers, for any extension or forbearance so made. Negotiable and payable at the Citizens' State Bank of Newcastle.

"J. W. GLIDDEN."

So far as is material here, the other note is the same. Appellee brought this action to recover the amount of the notes, and to foreclose the mortgage given by appellant to secure them.

The questions for decision are presented by the ruling of the court below in sustaining a demurrer to appellant's answers, and the assignment here that that ruling was erroneous.

If the notes are negotiable as inland bills of exchange, the demurrer was properly sustained, because the defences set up in the answers are such as can not be made as against the bona fide holder of such paper. We are, therefore, met at the threshold with the question, are these notes negotiable as inland bills of exchange? In section 5506, R. S. 1881, it is provided that "Notes payable to order or bearer in a bank in this State shall be negotiable as inland bills of exchange, and the payees and endorsees thereof may recover, as in case of such bills."

This statute does not provide what shall constitue a promissory note. The term "note" is used, as it was then and still is defined by the authorities, and well understood under the law merchant in the commercial world. *Melton* v. *Gibson*, 97 Ind. 158.

The sole purpose of the section was to put a limitation upon section 5503, and provide for commercial paper that might circulate free from defences in favor of the maker. This is accomplished by the provision, that if the note be payable at a bank in this State, it shall be negotiable as inland bills of exchange.

The note, then, with the addition prescribed by the statute, must be such as would have been negotiable under the law merchant without any statutory provision. Are the notes in suit such as would have been thus negotiable? A standard author has said: "To learn what qualities are essential to a negotiable promissory note, we must bear in mind the purpose of the note, and of the law in relation to it. This is simply that the note may represent money, and do all the

work of money in business transactions. For this purpose,. the first requisite, that, indeed, which includes all the rest, is *certainty.* This means certainty, * * * Second, as to the person or persons who are to make this payment, and the order and conditions of their liability. * * * Fourth, as to the time when payment is to be made. * * * It will be seen that the law endeavors to enforce, define, and protect all these certainties as far as possible." 1 Parsons Notes and Bills, p. 30. See, also, 1 Daniel Neg. Inst., section 41. This same general doctrine of the books is recognized by this and all other courts. *Walker* v. *Woollen,* 54 Ind. 164 (23 Am. R.. 639). In this case it was said: "A note, in order that it be negotiable in accordance with the law merchant, must be payable unconditionally and at all events, and at some fixed period of time, or upon some event which must inevitably happen."

Were it necessary, we might cite numerous decisions by this court asserting the general doctrine of certainty as necessary to a promissory note under the law merchant. The difficulty is not as to the general doctrine, but the application of it to each case as it arises.

In the case before us, all parts of the note must be looked to in determining the quality of the paper. There is a promise to pay in twelve months, but that promise is not certain and unconditional. The other clause is, that the time of payment may be extended indefinitely, as the parties may agree. From an inspection of the note, it is impossible to tell when it may mature, because it is impossible to know what extension may have been, or may hereafter be, agreed upon. No definite time is fixed, nor is the maturity of the note dependent upon an event that must inevitably happen. The condition is not that something may happen, or be done, that will mature the note before the time named, thus leaving that time as fixed and certain, if the thing do not happen, or be not done; but the condition is that the time named may be displaced by another, uncertain and indefinite time, as the parties may agree.

This distinguishes the case from some of the cases cited by appellee, which hold that so long as a definite time of payment, as fixed in the note, remains fixed and certain, the note retains its negotiability, although by certain agreed conditions it may be matured before that time. The case here is, also, distinguishable from another class of cases which hold that the time of payment may be dependent upon an event that must inevitably happen, such as the death of the maker, the coming of the seasons, etc. The precise question involved here has been passed upon by the Supreme Courts of Iowa and Michigan, and in each case it was held that the condition destroyed the negotiability of the note. *Woodbury* v. *Roberts,* 59 Iowa, 348 (44 Am. R. 685); *Smith* v. *Van Blarcom,* 45 Mich. 371. See, also, as in point, *Cook* v. *Satterlee,* 6 Cow. 108; *Gillilan* v. *Myers,* 31 Ill. 525; *Costelo* v. *Crowell,* 127 Mass. 293 (34 Am. R. 367).

We conclude from the foregoing that the notes in suit are not negotiable under the statute as inland bills of exchange, and that, therefore, whatever defences appellant might have set up and made available as against Nugen, the payee, he may set up and make available as against appellee.

Appellee concedes that the first answer is sufficient if the notes in his hands are subject to defences by appellant. A holding, therefore, that the notes are thus subject to defences, is a holding that the court below erred in sustaining the demurrer to all of the answers.

Appellant's counsel have directed the whole of their argument to the proposition that the notes are open to defences, and have said nothing in support of the answers. The first answer is clearly good, as it sets up an entire want of consideration for the notes.

For the sustaining of the demurrer to this answer the judgment must be reversed. There is nothing in the notes, nor in the mortgage, that can operate as an estoppel against appellant to make this defence.

As there is no discussion of the other answers, we observe,

simply, that the second answer, setting up an extension of the time of payment, is not good as a plea in bar. If such an extension may be made available, as we think it may be in this case, it should be brought forward as a plea in abatement. And under our present statute, section 365, R. S. 1881, such an answer must precede, and can not be pleaded with, an answer in bar.

As to the third answer, in which there was an attempt to make available as a defence the fact that Nugen was not the owner of an undivided one-third of the land covered by the mortgage, it is sufficient to say that the plea does not make a defence, either upon the ground of fraud or upon the ground that there was a breach of warranty.

The judgment is reversed, with costs.

Filed May 26, 1885; petition for a rehearing withdrawn Dec. 29, 1885.