CLARK ET AL. *v.* TRUEBLOOD.

[No. 2,031.    Filed September 30, 1896].

PLEADING,—*Action on Lost Note.—Complaint.—*In an action on a lost note it is not necessary to the sufficiency of the complaint that the loss of the note should be shown by affidavit, nor is it necessary to aver a search for the note.    *p. 99.*

SAME.—*Action by Assignee of Note.—Complaint.—*In an action upon a promissory note, brought by assignee against the maker, the com-

Clark *et al. v.* Trueblood.

plaint should aver the assignment, but it is not necessary to file with complaint a copy of the endorsement. *p. 100.*

SAME.— *Action on Lost Note.—Variance Between Complaint and Exhibit.*—In an action on a lost note the variance between the exhibit filed as a substantial copy from the note described in the body of the complaint as to the time of maturity, rate of interest, and attorneys' fees, does not make the complaint bad on demurrer.

SAME.—*Action on Lost Note by Assignee, Endorser a Proper Party Defendant.*—In an action on a lost note brought by the assignee against the maker, the endorser is a proper party defendant, where it is averred that he claims the ownership of the note. *p. 100.*

BILLS AND NOTES.—*Liability of Endorser.*—The assignor of a note not payable in bank by his indorsement warrants the liability and ability of the maker to pay it, and is bound, if due diligence be used by the holder, to make good his warranty, but cannot be sued in the same action with the maker as can the endorser of a note payable in bank. *pp. 100–101.*

APPEAL AND ERROR.—*Immaterial Variance Between Complaint and Evidence.*—Immaterial variances between the complaint and the evidence, which were amendable even after verdict, will be disregarded by the Appellate Court. *p. 101.*

From the Madison Circuit Court. *Affirmed in part and reversed in part.*

*W. A. Kittinger* and *E. D. Reardon,* for appellants.

*C. L. Henry, Byron McMahan* and *J. A. Van Osdol,* for appellee.

GAVIN, J.—Appellee recovered judgment against appellants upon a lost note. The complaint averred the execution of the note, describing it, and alleged that it had been assigned to appellee, by the payee. by endorsement, but was lost and could not be found. What was said to be a substantial copy of the note was filed with the complaint as an exhibit.

It was not necessary to the sufficiency of the complaint that the loss of the note should be shown by affidavit. *Blasingame* v. *Blasingame,* 24 Ind. 86.

Neither does the law require that the complaint should aver a search for the note. The necessity for a showing of such a character arises when, upon trial,

the plaintiff seeks to prove the contents of the note. *Douthit* v. *Mohr*, 116 Ind. 482.

In an action upon a promissory note, brought by the assignee against the maker, it is requisite that he should in the complaint aver the assignment, but he is not required to file with the complaint a copy of the endorsement. *Bozarth* v. *Mallett*, 11 Ind. App. 417; *Bascom* v. *Toner*, 5 Ind. App. 229; *Short* v. *Kerns*, 95 Ind. 431.

The exhibit filed as a substantial copy varies from the note described in the body of the complaint as to the time of maturity, rate of interest, and attorney's fee clause; yet this variance does not make the complaint bad on demurrer. If, as claimed by appellant, the exhibit is a proper one, and therefore a part of the complaint as a copy of the instrument sued on, then the exhibit controls the statements of the complaint so far as there is a conflict between them. *Goodbub* v. *Scheller*, 3 Ind. App. 318.

If, however, it be unnecessary in a suit upon a lost note to file any substantial copy as an exhibit, then it is not properly a part of the complaint, and is to be disregarded. *State, ex rel.,* v. *Helms,* 136 Ind. 122. In either event the complaint is good against the makers of the note.

The payee of the note, Charles Bookout, was made a defendant. It was averred that he was then claiming the ownership of the note. He was properly made a party defendant to answer as to such claim.

Upon the trial, verdict and judgment were rendered against Bookout for the amount of the note. In this, there was error, as appellee's counsel concede. The assignor of a note not payable in bank by his endorsement warrants the liability and ability of the maker to pay it, and is bound, if due diligence be used by the holder, to make good his warranty of the maker's

ability to pay. *Huston, Admr.,* v. *First Nat. Bank,* 85 Ind. 21; section 7518, Burns' R. S. 1894 (5504 R. S. 1881).

The endorser of paper negotiable by the law merchant may be sued directly in the action against the makers, but the assignor of paper of the class now under consideration, is liable to suit only after the exercise of diligence against the makers or upon a showing of a lawful excuse for failing to pursue them.

Neither the complaint nor the evidence discloses legal diligence, or excuse for the want of it. Bookout was not therefore liable upon his endorsement.

Counsel earnestly insist that the evidence of appellant Clark that he paid the note stands uncontradicted. This contention cannot be sustained. Clark testifies that he paid the note to the Anderson Banking Co. in February, 1891, and "got the note." Vermillion, however, who was connected with the bank, and with whom the note was left for collection, testifies that in the fall of 1891, about November, he had the note and took it with him to Summitville to make inquiries concerning it, and that it was never paid to him. Manifestly these two statements are not in harmony. If Clark paid it and took it up in February, Vermillion did not have it for collection in November. Each witness confirms the correctness of his statement as to the time of the respective transactions by reference to other facts fixed in his mind; the one by reason of his having drawn $70.00 of the money from another bank, and still having the stub of the check, while the other made the trip to Summitville shortly before going to California, which was in November, 1891. The evidence was, in our opinion, sufficient. Any inaccuracy in the description of the note in the complaint was cured by the evidence. The variance was immaterial and the complaint amendable as to

these matters, even after verdict. It must, therefore, be disregarded here. *Steinke* v. *Bentley,* 6 Ind. App. 663; *Overton* v. *Rogers,* 99 Ind. 595.

Judgment reversed as to Bookout, and affirmed as to the other appellants, the costs of this appeal to be paid, one-fourth by appellee and the remainder by the appellants other than Bookout; Bookout to recover all his costs in the trial court back to and including the trial.