## MATCHETT v. ANDERSON FOUNDRY AND MACHINE WORKS.

[No. 3,943.   Filed May 27, 1902.]

BILLS AND NOTES.—*Negotiable Paper.—Negotiability Destroyed.—Privilege of Extending Time of Payment.*—A note which by its terms permits the holder to extend its time of payment, although payable at a bank of this State, is not commercial paper governed by the law merchant.  *p. 209.*

SAME.—*Indorser.—Release.—Diligence.—Extension of Time of Payment.*—A complaint against the makers and indorsers on a series of promissory notes which shows that suit was not commenced for several years after the last note became due, is insufficient against the indorsers in failing to show diligence on the part of the holder, no excuse for the delay being shown, although the notes contained a stipulation giving the holder the right to extend the time of payment without releasing the indorsers, since the extension of time of payment must be for a definite period and should be shown in the complaint.  *pp. 207–211.*

From Marshall Circuit Court; *A. C. Capron*, Judge.

Action by James H. Matchett against the makers of certain promissory notes and the Anderson Foundry and Machine Works as indorser.  From a judgment in favor of the indorser, plaintiff appeals.  *Affirmed.*

*Charles Kellison*, for appellant.

*G. M. Ballard, E. B. Goodykoonts, B. H. Campbell* and *Samuel Parker*, for appellee.

HENLEY, J.—This action was commenced by appellant against the makers of three several promissory notes and against appellee as indorser of the notes sued on. Appellee's demurrer to the complaint was sustained, and, appellant refusing to plead further, judgment was rendered in favor of appellee. The question presented by the action of the trial court in sustaining the demurrer to the complaint is the only question here for consideration.

The complaint alleges that on the 20th day of August, 1890, Joseph W. Frank, William B., and Mary Corl exe-

cuted and delivered to the Anderson Foundry and Machine Works three several notes:—the first of said notes being for the principal sum of $241.40, and payable on July 1, 1891; the second being for the principal sum of $246, and payable on January 1, 1892; and the third for the principal sum of $248, and payable on July 1, 1892,—each of said notes providing for seven per cent. interest from date and ten per cent. attorney fees, waiving valuation and appraisement laws, and each providing for eight per cent. interest after maturity, and each and all negotiable and payable at the Exchange Bank of Bourbon, and each of said notes waiving presentment for payment, protest, and notice of protest, and non-payment by the drawers and indorsers thereof severally; and each of said notes waiving all defenses on the ground of any extension of the time of their payment that may be given by the holder or holders to the drawers, or the indorsers, or either of them. The notes were in identically the same words, and different only as to the amounts and the time of payment. It is also averred in the complaint: That afterwards, and before the maturity of either of said notes, the appellee the Anderson Foundry and Machine Works for a valuable consideration, indorsed each of said notes by written indorsement thereon, in blank, and sold, transferred, and delivered each and every one of said notes to this appellant; the written indorsement of said Anderson Foundry and Machine Works on each of said notes being as follows: "A. F. & M. Works, per Vanneman." That on December 12, 1896, there was paid on the first of said notes the sum of $90.49, and that the interest on each and every one of said notes has been paid to July 1, 1896, and that, with the exception of the payments above stated, the principal and interest of said notes, and each of them is now due and remains wholly unpaid, and that there is now due appellant of principal, interest, and attorney's fees thereon the sum of $1,200, all of which remains wholly unpaid.

That one of the makers of said note, the said Mary Corl, is now deceased. Appellant demands judgment against each of the makers of the notes and against appellee in the sum of $1,200. The trial court properly sustained the demurrer to the complaint. Each of the notes sued on contained the following stipulation, viz.: "The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them."

In the case of *Glidden* v. *Henry,* 104 Ind. 278, 54 Am. Rep. 316, the Supreme Court of this State first held that a note which, by its terms, permitted the holder to extend its time of payment, although payable in a bank of this State, was not commercial paper and negotiable as an inland bill of exchange, but was subject to all defenses that the maker or indorser might have against the holder. To the same effect, see, also, *Oyler* v. *McMurray,* 7 Ind. App. 645; *Merchants, etc., Bank* v. *Fraze,* 9 Ind. App. 161, 53 Am. St. 341; *Clark* v. *Trueblood,* 16 Ind. App. 98; *Mitchell* v. *St. Mary,* 148 Ind. 111; *Woodbury* v. *Roberts,* 59 Iowa 348, 13 N. W. 312, 44 Am. Rep. 685; *Smith* v. *Van Blarcom,* 45 Mich. 371, 8 N. W. 90.

The notes in suit not being governed by the law merchant, appellee, by its indorsement and assignment thereof, warranted "the liability and ability of the maker to pay it, and is bound, if due diligence be used by the holder, to make good his warranty of the maker's ability to pay." *Clark* v. *Trueblood, supra; Huston* v. *First Nat. Bank,* 85 Ind. 21; *Pool* v. *Anderson,* 116 Ind. 88, 1 L. R. A. 712.

In order to hold appellee liable, it was the duty of the appellant to use the same diligence that a prudent man would use in collecting his own debt. Our courts have uniformly held that the proper diligence in cases of this

character is- that suit must be brought against the makers of the note at the next succeeding term after the note falls due, in order to fix the liability of the indorser. *Odam* v. *Beard,* 1 Blackf. 191; *Macy* v. *Hollingsworth,* 7 Blackf. 349; *Spears* v. *Clark,* 3 Ind. 296; *Craft* v. *Dodd,* 15 Ind. 380; *Miller* v. *Deaver,* 30 Ind. 371. This rule was, to some extent, changed after the enactment of our present statute which authorizes the commencement of suits during term time, and in the case of *Thompson* v. *Campbell,* 121 Ind. 398, it was held that due diligence, under the facts therein stated, would require that the action be commenced and the note reduced to judgment at the earliest possible time.

Appellant had full control of the notes. Appellee, by the indorsement, lost all control over them. He could not protect himself in any way by any action he might take. It is largely for this reason that the law makes it the duty of the holder of the note, if he wishes to make the indorser liable to him upon the indorsement, to use that diligence which a vigilant creditor would ordinarily employ to protect himself from loss where the debt is the bare obligation of the maker. *Hoffman* v. *Bechtel,* 52 Pa. St. 190; *Thompson* v. *Campbell, supra.*

The complaint shows that suit was not commenced on either of the notes in controversy until several years after the last one of the series became due. The complaint falls far short of showing diligence upon the part of appellant, or excuse for the want of it. But appellant insists that the stipulation in the note which gave him the right to extend the time of payment, without releasing the appellee, takes him without the general rule of diligence as announced by the courts. The rule remains the same. If the privilege of extending the time of payment is exercised by the holder, the note thereby does not become due until the time of the extension has expired. The duty of the holder after the note is due remains the same. If appellant ever extended the time of payment of the notes so that they did not become due

until the term of court at which this action was commenced, his complaint does not divulge the fact.    An indefinite extension of the time of payment, or more than one extension, and that for a definite time, is not justified by the language employed.    Brandt on Suretyship, §346.

We find no error.    Judgment affirmed.