NATIONAL BANK OF COMMERCE v. P. W. KENNEY ET AL.

Decided April 9, 1904.

**Promissory Note—Negotiability Destroyed—Agreement for Indefinite Extension of Time.**

Where a promissory note contained this provision, "The makers· and indorsers hereof hereby severally waive protest and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments before or after maturity without prejudice to holder," its negotiable quality was thereby destroyed, and a subsequent indorsee who received it before maturity took it subject to the rights of one who held as collateral security a prior note by the same makers, secured by chattel mortgage, for which the note in' question was given in substitution and renewal.

Appeal from the District Court of Hemphill. Tried below before Hon. B. M. Baker.

*H. E. Hoover* and *Elijah Robinson,* for appellant.

*I. N. Watson, C. H. Kohler,* and *Tempel & Hardy,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant, a national bank of Kansas City, Mò., declared on a promissory note for $7259.80, dated Canadian, Texas, November 29, 1899, due 180 days after date, signed by J. H. Kenney as principal and P. W. Kenney and J. W. Lambert as irregular indorsers, payable at Kansas City, Mo., to the order of · Ladd, Penny & Swazey, to whom it had been delivered at their office in Kansas City, Mo., by the makers, who were citizens of Texas, secured by a duly registered chattel mortgage on cattle in Texas, which mortgage appellant sought to foreclose. Ladd, Penny & Swazey seem to have delivered the note to appellant, though without indorsement, as collateral security for a pre-existing loan of $50,000, most of which remained unpaid at the institution of this suit, Ladd, Penny & Swazey having become insolvent. In February, 1900, at the instance of Ladd, Penny & Swazey and for reasons given by them, a new note, dated February 8, 1900, but differing in no other respect from the one declared on, secured by chattel mortgage on the same cattle, was executed by the Kenneys and Lambert as a substitute for the first note. February 19, 1900, this note was sold, indorsed and delivered by Ladd, Penny & Swazey to the Third National Bank of Springfield, Mass., one of the appellees. It was not conclusively shown when the note declared on came into appellant's hands; for while there was evidence tending to show that this occurred prior to the substitution, there was also cogent evidence to the contrary. But however this may be, it was conclusively established by the evidence that neither the makers nor the indorsee of the new note had any notice that appellant held or claimed the old note until long after the substitution and sale of the new one.

In no view of the case was appellant entitled to recover unless the instrument declared on was a negotiable promissory note, since both according to the Missouri statutes read in evidence and the Texas

statutes, if it is nonnegotiable, it was subject to every defense which it would have been subject to in the hands of Ladd, Penny & Swazey, appellant having failed to give any notice of the alleged assignment to it until long after the substitution and sale of the new note, the effect of which was to destroy the old one. The negotiable quality of the note is denied because it contained this provision: "The makers and indorsers hereof hereby severally waive protest and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments before or after maturity without prejudice to holder." That this language introduced an element of uncertainty as to the time of payment fatal to the negotiability of the note is a proposition of commercial law too well sustained by the authorities to warrant us in holding to the contrary, as will be seen from the following cases, in the first of which the language construed was identical with that quoted: City National Bank v. French (Kan.), 72 Pac. Rep., 842; Glidden v. Henry, 104 Ind., 278, 54 Am. Rep., 316, 1 N. E. Rep., 369; Second National Bank v. Wheeler, 75 Mich., 546; Bank v. Piollett, 126 Pa. St., 194, 17 Atl. Rep., 603, 4 Law. Rep. Ann., 190; Woodberry v. Roberts, 59 Iowa, 358, 13 N. W. Rep., 312, 44 Am. Rep., 685; Coffin v. Spence, 39 Fed. Rep., 262; Smith v. Van Blarcom, 45 Mich., 371, 8 N. W. Rep., 90; Oyler v. Murray, 7 Ind. App., 645, 34 N. E. Rep., 1004; Rosenthall v Rambo (Ind.), 62 N. E. Rep., 63; Bank v. Fraze, 9 Ind. App., 645, 36 N. E. Rep., 378.

The case of City National Bank v. Commission Co., 93 Mo. App., 123, recently decided by the Kansas City Court of Appeals, is the only case cited by appellant in its elaborate brief of fifty-eight pages to support the opposite view, and it is inaccessible.

In Anniston L & T. Co. v. Stickney, 108 Ala., 46, 19 So. Rep., 63, a note providing for a six months extension at the option of the holder was held to be negotiable, but the case was distinguished from the line of cases above cited, in that the extension provided for was for a definite time. See also Capron v. Capron, 44 Vt., 410, and Insurance Co. v. Bell, 31 Conn., 534, which may seem at variance with some of those we have cited, especially the latter, which, however, was by a divided court.

The judgment denying the recovery sought is therefore affirmed.

*Affirmed.*