(January 14, 1908.)

## UNION STOCK YARDS NATIONAL BANK OF SOUTH OMAHA, NEBRASKA, Respondent, v. J. H. BOLAN, Appellant.

[93 Pac. 508.]

FOREIGN CORPORATION—DOING BUSINESS IN STATE WITHOUT COMPLYING WITH THE CONSTITUTION AND STATUTE—RIGHT TO PLEAD FAILURE AS DEFENSE—NEGOTIABLE PROMISSORY NOTE—CERTAINTY REQUIRED AS TO TIME OF PAYMENT—SUBJECT TO EQUITIES AND DEFENSES BY MAKER.

1. Where the indorsee of a promissory note sues the maker thereof, and the defendant sets up as one of his defenses that the payee was a foreign corporation doing business in this state, and that it failed to comply with the constitution and statutes of the state in designating an agent upon whom service of process could be made, and in filing copies of its articles of incorporation, it is error for the court to strike such defense from defendant's answer.

2. A promissory note containing a stipulation whereby the sureties, guarantors, indorsers and makers waive notice of the granting of any extension of time for payment and waive the right of defense on the ground that extension has been made without notice to them or either of them, is not a "negotiable promissory

note'' within the meaning and intent of the negotiable instrument law of this state. (Sess. Laws 1903, p. 380.)

3. The note sued upon in this case, being a non-negotiable promissory note, is subject to all the defenses and equities in favor of the maker, while in the hands of the indorsee, to the same extent and effect as if in the hands of the payee named therein.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh. Judicial District, Washington County.   Hon. Frank J. Smith, Judge.

Action by the plaintiff on a promissory note.   Judgment for the plaintiff and defendant moved for a new trial, and thereupon appealed from the judgment and order denying his motion.   *Reversed.*

Rhea & Son, for Appellant.

By the act relating to negotiable instruments, Sess. Laws 1903, p. 380, sec. 1, an instrument to be negotiable ''Must be paid on demand or at a fixed or determinable future time.'' In said act there is nothing to qualify this requirement in a negotiable instrument, and it is but the codification of the law-merchant upon the subject.   Therefore, the note is not negotiable paper, and, in whosesoever hands it may be, is subject to the defenses claimed, as by its terms the time is not fixed or determinable.   (*Glidden v. Henry,* 104 Ind. 278, 54 Am. Rep. 316, 1 N. E. 369; *Matchett v. Anderson etc. Works,* 29 Ind. App. 207, 94 Am. St. Rep. 272, 64 N. E. 229; *Merchants' etc. Bank v. Fraze,* 9 Ind. App. 161, 53 Am. St. Rep. 341, 36 N. E. 378; *Oyler v. McMurray,* 7 Ind. App. 645, 34 N. E. 1004; *Clark v. Trueblood,* 16 Ind. App. 98, 44 N. E. 679; *Mitchell v. St. Mary,* 148 Ind. 111, 47 N. E. 224; *Second Nat. Bank v. Wheeler,* 75 Mich. 546, 42 N. W. 963; *Smith v. Van Blarcom,* 45 Mich. 371, 8 N. W. 90; *Woodbury v. Roberts,* 59 Iowa, 348, 44 Am. Rep. 685, 13 N. W. 312; *Brooks v. Hargreaves,* 21 Mich. 254; 1 Dan. Neg. Inst. 34; *Hubbard v. Mosley,* 11 Gray, 170, 71 Am. Dec. 698; *American Exch. Bk. v. Blandard,* 7 Allen, 333; *Fralick v. Norton,* 2 Mich. 130, 55 Am. Dec. 56; *Mattison v. Marks,* 31 Mich. 421, 18 Am. Rep. 197.)

The failure of the Uinta Hereford Cattle Company to comply with the constitution and the statutes of the state does, as we think, render the note or contract unlawful and defeat recovery thereon. Noncompliance with a statute which declares it unlawful for a foreign corporation to do business in the state without first complying with the requirements therein set forth, such as filing copies of its articles and appointing agents on whom to serve process, can be interposed as a defense to such action, and the contract sued on will be held to be void. (*Henni v. Building and Loan Assn.*, 61 Neb. 744, 87 Am. St. Rep. 519, 86 N. W. 475; *Fire Ins. Co. v. Hayden*, 60 Neb. 636, 83 Am. St. Rep. 545, 83 N. W. 922, and cases therein cited; *Barbor v. Boehm*, 21 Neb. 450, 32 N. W. 221.)

Harris & Smith, for Respondent.

By the terms of the act of March 10, 1903, it went into effect sixty days after the adjournment of the legislature, or on May 7, 1903; and all foreign corporations then doing business within this state were given three months, or until August 7, 1903, within which to comply with its provisions. During this period, on May 8, 1903, the note in suit was executed and delivered to the "Uinta Hereford Cattle Co."; and afterward, on June 25, 1903, it was sold and indorsed by the payee to the plaintiff, a resident of a foreign state.

Under this act there was no obligation upon the cattle company to file its articles of incorporation, if it were doing business in this state, which the note upon its face does not show, until August 7, 1903; and all of its acts during this period are as legal and binding as if the act in question had never been passed.

Defendant should have alleged that at the time of bringing suit plaintiff was doing business in this state. (*Sigel-Campion L. S. Com. Co. v. Haston*, 68 Kan. 749, 75 Pac. 1028.)

Under the authority of *Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873, it is immaterial, so far as the plaintiff herein is concerned, whether the original transaction is unlawful or not, so long as it is neither alleged nor proved that the plaintiff had notice, before or at the time of taking over the note, that the Uinta

Hereford Cattle Co. was doing business in violation of the foreign corporation laws of this state at the time the same was given. (2 Clark & Marshall on Private Corporations, 847; *Sigel-Campion Livestock Com. Co. v. Haston,* 68 Kan. ·749, 75 Pac. 1028.)

AILSHIE, C. J.—This action was commenced by the re- spondent as the indorsee of a promissory note made and exe- ·cuted by the appellant·in the following form:

·"$900.00   No. 0187.

"Cambridge, Idaho, May 8, 1903.

"Six months after date, for value received, I, we, or either ,of us jointly and severally promise to pay to the order of Uinta Hereford Cattle Company the sum of nine hundred dol- lars, with interest at the rate of ten per centum per annum from date until paid.

"Payable at the office of the People's Bank, Salubria, :Idaho.

. "Should this note be collected by suit, ten per cent shall .be allowed holder as attorney fee. The sureties, guarantors, and endorsers of this note severally waive presentation for ·payment, protest and notice of protest. No extension of time ·of payment with or without our knowledge by the receipt of interest or otherwise shall release us or either of us from the ·obligation of payment.

"J. H. BOLAN."

The plaintiff alleged that it was a *bona fide* purchaser of this note for value before maturity and received it in the due ·and ordinary course of business. Defendant answered, ad- mitting the execution and delivery of the note, but denied that the plaintiff was a *bona fide* purchaser of the note for ·value and in the due course of business. He alleged as a de- fense to the action, that the note was executed in payment for ·certain livestock purchased by him from the payee of the note, the Uinta Hereford Cattle Company, and that the stock ·purchased were not up to the guaranty furnished him by the ·company at the time of the sale; and he thereupon claimed

damages in the sum of $1,000. He also alleged that the Uinta Hereford Cattle Company was a foreign corporation organized and existing under the laws of the state of Nebraska, and that it was on the date of the execution of the note, and had been for a long time previous thereto, doing business in the state of Idaho, and that it had failed and neglected to comply with the laws of this state in filing certified copies of its articles of incorporation and the designation of an agent upon whom process could be served, and that it never at any time made any designation of an agent in any county of this state upon whom process might be served. Other matters were pleaded in defense and as counterclaims to plaintiff's cause of action.

On motion of the plaintiff, the court struck from defend- ant's answer all the allegations with reference to the Uinta Hereford Cattle Company being a foreign corporation and failing and neglecting to comply with the laws of this state in designating an agent upon whom service of process might be made and filing a certified copy of its articles of incorpora- tion. Defendant took an exception to the ruling of the court and assigns the same as error.

After the plaintiff had submitted its proofs at the trial, the defendant moved for a nonsuit upon the grounds, among other things, that it appeared from the evidence introduced by the plaintiff that the Uinta Hereford Cattle Company was a foreign corporation organized under the laws of the state of Nebraska, and that the plaintiff had failed to prove that such corporation had complied with section 10 of article 11 of the constitution of the state of Idaho, and the act of the legislature in reference to foreign corporations doing business in this state. The motion was denied by the court, where- upon the defendant asked leave to file an amended answer again setting up the facts as to the Uinta Hereford Cattle Company being a foreign corporation doing business within this state, and having failed and neglected to comply with the constitution and statutes in reference to foreign corpora- tions doing business within the state. Thereupon defendant offered to pay the actual costs that had been incurred in the case, in the event it became necessary for a continuance over

the term on account of such amendment. The motion and application was denied by the court, and the defendant excepted and assigns the action of the court as error on this appeal.

It was clearly error on the part of the court to sustain plaintiff's motion and strike from defendant's answer that part of his defense setting up the failure of the Uinta Hereford Cattle Company to comply with the constitution and statutes of this state in the designation of an agent on whom process could be served and filing its articles of incorporation. He had an undoubted right to interpose such a defense. (*Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873; *Valley Lumber Co. v. Driessel*, 13 Ida. 662, 93 Pac. 765; *Valley Lumber Co. v. Nickerson*, 13 Ida. 682, 93 Pac. 24.) It was also an abuse of discretion on the part of the court, after it had erroneously granted the motion to strike this defense from defendant's answer, to deny the defendant's motion and application to amend his answer setting up this defense.

On the trial of this case, the most important and decisive question that arose was that as to whether the plaintiff, Union Stock Yards National Bank of South Omaha, was a *bona fide* purchaser for value in due course of business, within the meaning of the law so as to preclude the defendant from setting up equities that existed between him and the Uinta Hereford Cattle Company, the payee named in the note. The test to be applied, therefore, in this case is: Was the note sued on a negotiable instrument within the meaning of the statute of this state defining and governing such instruments? (Sess. Laws 1903, p. 380.) We may note in passing that the uniform negotiable instrument law is in substance merely a codification of the law-merchant on the subject. Appellant contends that since the note sued on contained an express waiver on the part of the sureties, guarantors, indorsers and maker of any and all rights of defense on account of extensions of time of payment of the note, it thereby rendered the note nonnegotiable. Subdivision 3 of section 1 of the negotiable instrument law requires that an instrument in order to be negotiable "must be payable on demand or at a fixed or determinable future time." Section 4 of the act provides as follows:

"An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable: First, at a fixed rate period after date or sight; or, second, on or before a fixed or determinable future time specified therein, or third, on or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain. An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect."

Sec. 184 of the act defines a negotiable promissory note and, among other requisites, provides that it must engage "to pay on demand or at a fixed or determinable future time a sum certain in money, to order or to bearer." The note sued on in this case cannot be said to comply with these provisions of the statute. Its closing sentence provides that "No extension of time of payment, with or without our knowledge, by the receipt of interest or otherwise, shall release us or either of us from the obligation of payment." This is an express contract to the effect that the time of payment may be extended to any one or all of the sureties, guarantors, indorsers or makers of the note without notice to all or any one of them. This undoubtedly renders the note non-negotiable under all the authorities that have been brought to our attention on the subject. By sec. 52 of the act (Sess. Laws, 1903, 389), in order to establish that one is "a holder in due course" of commercial paper, the instrument must be "complete and regular upon its face."

In *Matchett v. Anderson Foundry & Machine Works*, 29 Ind. App. 207, 94 Am. St. Rep. 272, 64 N. E. 229, the note provided that "The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and on payment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them." In that case, the Indiana court of appeals held that the note was non-negotiable and was subject to defense on all the equities that the maker held against the payee. It will be noticed by comparison that the stipulation contained in that note is almost

identical with the stipulation in the note at bar, and was to the same effect as the one here.

For other cases in point, see *Smith v. Van Blarcom,* 45 Mich. 371, 8 N. W. 90; *Citizens' National Bank v. Piollet,* 126 Pa. St. 194, 12 Am. St. Rep. 860, 7 Atl. 603, 4 L. R. A. 190; *Miller v. Poage,* 56 Iowa, 96, 41 Am. Rep. 82, 8 N. W. 799; *Woodbury v. Roberts,* 59 Iowa, 349, 44 Am. Rep. 685, 13 N. W. 312; *Glidden v. Henry,* 104 Ind. 278, 54 Am. Rep. 316, 1 N. E. 369; *Mitchell v. St. Mary,* 148 Ind. 111, 47 N. E. 224; *Second Nat. Bank v. Wheeler,* 75 Mich. 546, 42 N. W. 963.

The note is non-negotiable and the indorsee holds it subject to all the equities, counterclaims and defenses that existed between the maker, Bolan, and the payee, Uinta Hereford Cattle Company. (Eaton & Gilbert on Commercial Paper, sec. 71, p. 354, and cases cited; 2 Am. & Eng. Ency of Law, 2d ed., 253.) As to the sufficiency or merit of the defense set up on the alleged guaranty of the livestock and damages claimed, we express no opinion, as that question is not properly before us.

The conclusion we have reached on the foregoing questions renders it unnecessary for us to consider or pass upon any of the other assignments of error presented on this appeal. The judgment must be reversed, and it is so ordered, and the cause is remanded to the district court, with direction to permit the parties to amend their pleadings if they so desire, and to grant them a new trial. Costs awarded in favor of appellant.

Sullivan, J., and Stewart, J., concur.