The State v. Boswell.

Filed March 24, 1886.

————————◆————————

No. 12,764.

## THE STATE v. BOSWELL.

CONSTITUTIONAL LAW.—*Applicability of Federal Constitution to the States.*— The provisions of the Federal Constitution do not apply to the States, unless the States are referred to therein by express words or clear implication, and prosecutions by the State for felonies are not governed by provisions of the Constitution of the United States.

SAME.—*Criminal Law.—Prosecution by Information.*—There is nothing in the Federal Constitution, or any of the amendments thereto, which prohibits the States from proceeding in felony cases by information when that procedure is authorized by the State Constitution.

CRIMINAL LAW.—*Prosecutions for Felony.—Indictment.—Information.*—Prosecutions for felony must be by indictment, except in the cases where the statute expressly provides that they may be by information, and such statute must be strictly construed.

The State *v.* Boswell.

SAME.—*Grand Jury.*—*Failure to Return Indictment.*—*Effect of.*—Where a person accused of crime has been recognized to appear at the following term of court, and where the grand jury sitting at that term fails to find an indictment against him, a subsequent prosecution by information is unauthorized and not allowed.

SAME.—The failure of a grand jury to find an indictment against one accused of crime, and recognized to appear at that term of court, does not necessarily work an acquittal, nor does it prevent his being placed under recognizance, in a second preliminary examination, where he has been arrested on a subsequent affidavit made by a competent person.

From the Huntington Circuit Court.

*E. C. Vaughn,* Prosecuting Attorney, *B. M. Cobb, C. W. Watkins* and *J. G. Ibach,* for the State.

*J. B. Kenner, J. I. Dille* and *D. Turpie,* for appellee.

ELLIOTT, J.—The first question which the record presents is: Can the State in any case proceed by information against a person accused of a felony, or must the proceeding be by indictment?

It is assumed in the argument of appellee's counsel, that the provisions of the Federal Constitution respecting the presentment of charges of felony and the mode of trial, apply to prosecutions under the laws of the State, and prohibit prosecutions by information. This assumption can not be made good. The Federal and State courts, without diversity of opinion, have long held that the provisions of the Federal Constitution do not apply to the States, unless the States are referred to by clear implication or express words. The law upon this point is settled, and has long been settled. *Barron* v. *Mayor, etc.,* 7 Peters, 243 (32 U. S. 243, n.); *Fox* v. *State,* 5 How. 410; *Twitchell* v. *Commonwealth,* 7 Wall. 321; *Pearson* v. *Yewdall,* 95 U. S. 294; *Edwards* v. *Elliott,* 21 Wall. 532; *Baker* v. *Gordon,* 23 Ind. 204; *Butler* v. *State,* 97 Ind. 378; Cooley Const. Lim. (5th ed.), 26.

Where the States are named, the provisions thus directly made applicable to them control in State as well as National affairs, but it is otherwise where the States are not named.

*Kring* v. *Missouri*, 107 U. S. 221; *Tennessee* v. *Davis*, 100 U. S. 257; *Campbell* v. *Dwiggins*, 83 Ind. 473, 481.

It is quite clear that the people of Indiana did not understand that the Constitution of the United States governed prosecutions by the State for felonies, for they provided in their Constitution that the grand jury system might be modified or abolished, and our court as early, at least, as 1857, declared that the Federal Constitution did not govern the States except in those instances where they were named. *Lake Erie, etc., R. R. Co.* v. *Heath*, 9 Ind. 558, see p. 559.

The fourteenth amendment to the United States Constitution does name the States, and its provisions are, therefore, applicable to them. *Kring* v. *Missouri, supra; Tennessee* v. *Davis, supra.* That amendment does prohibit the States from depriving "any person of life, liberty or property without due process of law," but it does not prohibit the States from proceeding in felony cases by information when that procedure is authorized by the State Constitution. This question has recently been discussed by the Supreme Court of the United States, and needs no further discussion from us. *Hurtado* v. *California*, 110 U. S. 516; *Kalloch* v. *Superior Court*, 56 Cal. 229; *People* v. *Hurtado*, 63 Cal. 288; *Rowan* v. *State*, 30 Wis. 129 (11 Am. R. 559); *State* v. *Barnett*, 3 Kan. 250. There are many cases declaring a general principle which gives full and sure support to the conclusion reached by the courts in the cases cited. *Munn* v. *Illinois*, 94 U. S. 113; *Walker* v. *Sauvinet*, 92 U. S. 90; *Kennard* v. *Louisiana*, 92 U. S. 480; *Davidson* v. *New Orleans*, 96 U. S. 97; *Missouri* v. *Lewis*, 101 U. S. 22; *Loan Ass'n* v. *Topeka*, 20 Wall. 655; *Brown* v. *Board of Levee Commissioners*, 50 Miss. 468.

It seems clear to us that one who is tried and convicted upon an information provided for by a constitutional State statute is not deprived of his liberty without due process of law, for we perceive no reason for doubting the soundness of the proposition that proceedings founded upon an infor-

mation provided for by a legally enacted statute do constitute due process of law. Our own decisions have repeatedly sustained the validity of proceedings founded upon informations, and they, therefore, affirm the principle which supports the proposition to which we here declare our assent.

The remaining questions in the case arise upon the ruling of the court on a demurrer addressed by the State to a plea in abatement filed by the defendant. The substance of the plea is this: On the 18th day of July, 1885, an affidavit was filed charging the appellee with the offence of assault and battery with intent to kill. On this charge he was recognized to appear at the ensuing term of the Huntington Circuit Court; that term of court convened on the 26th day of October, 1885, and on that day the grand jury were empanelled and remained in session one week, when they were discharged without having returned an indictment against the appellee, and after the discharge of the grand jury the prosecuting attorney filed the information against the appellee on which this prosecution is founded. The offence charged in the information is the same as that upon which the appellee was recognized to appear at the circuit court, and the information was filed during the term at which the appellee's recognizance required him to appear.

The controlling question in this branch of the case is this: Can an information be rightfully lodged against a defendant at a term of court to which he was recognized to appear, but after the grand jury had been discharged without finding an indictment against him?

A written accusation made by a competent officer or tribunal must be preferred against one brought to trial for a felony, for without such an accusation a prosecution would be in violation of the Federal and State Constitutions, as, in the absence of such an accusation, there could be no due process of law. It is not enough that there is a written accusation, but it must also be one preferred by an officer or tribunal authorized by law to prefer it. A citizen may cause the

arrest of an accused person upon an affidavit, but the accused can not be put to final trial upon a charge of felony on such an affidavit, although it may authorize a preliminary examination and empower a court to compel the person accused of crime to enter into a recognizance. The ancient method of accusing a man of felony was by an indictment found by a grand jury, and this is still the exclusive method in many jurisdictions, and in ours is the usual but not the exclusive method. While the procedure by indictment is the ordinary one, our Constitution authorizes the employment of another method, and our statute, proceeding upon that authority, provides for the employment of the method of prosecuting by information, but the latter method can only be adopted in the cases provided by statute. Indictment is yet the usual method; that by information is not. It is clear from our statutes and our decisions that prosecutions for felony must be by indictment, except in the cases where the statute expressly provides that they may be by information. The inquiry, therefore, in all cases where the right to proceed by information is properly questioned, must be: Is the case one which the statute authorizes the State to prosecute by information instead of by indictment?

Statutes are to be construed as forming part of one great and uniform system of jurisprudence. *Humphries* v. *Davis*, 100 Ind. 274, 284 (50 Am. R. 788). If construction proceeded upon any other principle, the law of a State would consist of disjointed and inharmonious parts, and conflict and confusion be the result. The light needed for the just interpretation of a statute is not supplied by the statute itself, but comes from other statutes and from the principles declared by the courts of the land. It would be as illogical as mischievous to act upon a single statute found in a great body of law irrespective of other statutes and other laws, and against such a course the faces of the courts have been long and firmly set. A court that should undertake to pursue such a course

would, to borrow something of the language and thought of Mr. Bishop, be quite sure to stumble; it would certainly "go sounding on a dim and perilous way." The section respecting prosecutions by information found in our criminal code must be construed with reference to other statutes, and especially with reference to other parts of that code. It is not isolated and detached provisions of a code that rule; it is the intention of the Legislature, as gathered from all the provisions of the code, that governs and controls.

The prosecution by indictment of persons accused of felony has not only long been the method adopted by our laws and by the laws of the country from which the great principles of our jurisprudence come, but it is a method closely in harmony with the spirit of our institutions, for that spirit is, that in the administration of the criminal law the people shall take as much part as possible; hence it is that grand juries are provided for and the decision of questions of law, as well as of fact, committed to our traverse juries. This has been for many years the policy of our law, and for centuries it has been a firmly settled principle of the common law. Prosecution by information is in derogation of the common law and a departure from the general policy of our laws, and statutes in derogation of the common law, and in opposition to a long settled policy, must be strictly construed. In a note to *United States* v. *Brady*, 3 Crim. Law Mag. 69, 77, Mr. Wharton makes some very strong objections to the method of prosecuting felonies by information, and, with much clearness, delineates the policy of the law upon the subject of prosecutions for crime. We quote his concluding remarks: "The ordeal of a grand jury is a proper one in all cases of serious crime. It is a terrible thing for a man to be put on trial for an offence involving ignominy and contingent heavy punishment. The expense is heavy; the mere fact of being put on trial is a great discredit; there is always a risk of an unjust conviction. Under these circumstances the protection afforded by a grand jury is just as well as politic." The

The State v. Boswell.

courts, to be sure, have nothing to do with questions of leg-
islative policy, but it is, nevertheless, their duty to look to
the general policy of the government in construing statutes,
and here we receive light from this source, as well as from
the principles of the law and other statutes. It can not be
justly held, in view of the policy of our government, the
principles of our laws, and the general provisions of our
code of criminal laws, that the Legislature meant to author-
ize a prosecution by information in a case where an accused
had been recognized to appear at the term of court following
the commission of the offence, and where the grand jury, sit-
ting at that term, had failed to find an indictment against
him. To hold otherwise would be, in effect, to permit the
prosecutor to sit in judgment on the proceedings of the grand
jury, to substitute his opinion for theirs, and to make his
will the sole arbiter of the question whether a man whom the
grand jury had failed to indict should or should not be forced
to final trial. We do not believe that the Legislature in-
tended that this should occur, nor do we believe that they
intended that prosecutions by information should supplant
prosecutions by indictment, except in particular instances.
The provisions made by statute, authorizing prosecutions by
information, were intended to secure speedy trials and pre-
vent delays by enabling the prosecuting attorney to present
charges upon which the grand jury had no opportunity to
act, but they were not intended to permit the prosecuting
attorney to proceed by information where there is ample
opportunity to proceed by indictment. Where there is an
opportunity to present an accusation to the grand jury, the
prosecutor can not, upon the failure of that body to return an
indictment, proceed against the accused by information. If
we were to adopt the theory of the State, it would result in
leaving to the almost unrestrained discretion of the prose-
cuting attorney the method of prosecuting felonies, other
than murder or treason, and in confining the procedure by

indictment to a very small class of cases.    This result it was
not the intention of the Legislature to produce.

The failure of the grand jury to find an indictment does
not, of course, work an acquittal of an accused, nor does it·
prevent his arrest upon an affidavit made by any person com-
petent to make an ordinary affidavit, nor does it prevent a
preliminary examination from being held the second time
and an order entered placing him under recognizance, but it
does prevent the prosecuting attorney from driving him to
final trial upon an information.

Judgment affirmed.

Filed Jan. 29, 1886; petition for a rehearing overruled March 20, 1886.