The State *v.* Drake.

No. 15,673.

## THE STATE *v.* DRAKE.

CRIMINAL LAW.—*Prosecution by Affidavit and Information.—Plea in Abatement.— What it Must Put in Issue.—Demurrer.*—A prosecution is authorized by affidavit and information, under our statute, when these four things concur, viz.: A public offence must have been committed; the defendant must not be under indictment; the court must be in session, and the grand jury must have been discharged for the term when the affidavit and information are filed and the prosecution commenced. A plea in abatement to a prosecution commenced by affidavit and information which does not put in issue the truth of these four facts is bad, and it is proper to sustain a demurrer to the same.

SAME.—*Plea in Abatement.— What it Must Negative.*—To constitute a good plea in abatement to the prosecution of a criminal charge by affidavit and information, the plea must negative all of the provisions of the statute authorizing a prosecution for the offence by affidavit and information. It must allege facts showing that the prosecuting attorney has no right to prosecute the charge against the defendant in the cause on affidavit and information.

| 125 | 367 |
| 126 | 518 |
| 125 | 367 |
| 130 | 88 |
| 125 | 367 |
| 144 | 211 |
| 144 | 430 |
| 146 | 429 |
| 125 | 367 |
| 156 | 345 |
| 125 | 367 |
| 157 | 149 |

From the Shelby Circuit Court.

*J. C. McNutt*, Prosecuting Attorney, and *A. F. Wray*, for the State.

*K. M. Hord* and *E. K. Adams*, for appellee.

OLDS, J.—The prosecuting attorney filed a proper affidavit and information in the Shelby Circuit Court on the 23d day of January, 1890, and during the December term, 1889, of said court, charging the appellee with the crime of arson by burning the barn of one Margaret O'Tool, on the 27th day of March, 1889.

To this affidavit and information the appellee filed a plea in abatement, in which it is alleged that the prosecuting attorney, on the 30th day of December, 1889, during the same December term of court, but at a time when the court was not in session, filed with the clerk of the court an affidavit and information charging the appellee with burning the barn of said Mary O'Tool on the 27th day of March, 1889, averring that the affidavit and information properly charged

the crime of arson, and that upon said affidavit and information, so filed on December 30th, 1889, the clerk, without any order of court, issued a warrant which was served by the sheriff by taking the appellee into custody, averring in the plea that the offence charged in the affidavit and information filed on December 30th is the identical and same offence charged in the affidavit and information filed January 23d; that at the time of filing the last affidavit and information the first affidavit and information were still pending; that at the time of the filing of the first affidavit and information, and the appellee's arrest thereon, the appellee was not in custody or on bail on said charge or any other criminal charge, nor had any indictment on said charge or any other criminal charge been presented by any grand jury against him and been quashed, nor had any cause been appealed to the Supreme Court and reversed on account of any defect in any indictment to which he was a party; that at the time of filing said first named affidavit and information the Shelby Circuit Court was then in session, and a grand jury duly and legally organized and empanelled was in session, and had not been discharged; that appellee did not appear to said named affidavit and information or plead thereto, so as to give the court jurisdiction over his person; that long prior to the beginning of the December term, 1889, of the Shelby Circuit Court, the prosecuting attorney had full notice of the knowledge of the alleged felony, and the witnesses by whom he expected to prove the same, including the witnesses upon the back of the information in this case, and that on the 30th day of December, 1889, when the grand jury was in session, all of said witnesses were present in the court-house, in the city of Shelbyville, in every respect available to him and said grand jury, for the purpose of procuring an indictment on said charge; that during the May term, 1889, and October term, 1889, of the Shelby Circuit Court, and after the commission of said alleged offence on the

27th day of March, 1889, of which said prosecuting attorney had full knowledge, prior to said terms of court, there was, at each of said terms of court, and also at a term of said court begun on the 3d day of December, 1889, a grand jury at each term in session in said court; that appellee is not now in custody otherwise than by the filing of the affidavit and information in this cause, upon which a warrant was issued by the clerk of this court, by virtue of which he is alone being held; that at the time of the filing of said affidavit and information he was not in custody or upon bail upon any criminal charge whatever, except the custody and charge aforesaid, so filed on December 30th, 1889, which conferred no jurisdiction on this court to hold or try him upon said charge for the reasons aforesaid; that at the time of filing this affidavit and information, on this day in this court, the defendant was not in custody or on bail upon a charge of any crime other than as stated herein, nor had any charge against him been presented by indictment by any grand jury and been quashed, nor had any cause been appealed to the Supreme Court and reversed on account of any defect in any indictment to which he was a party; that if any crime whatever had been committed it was committed upon the 27th day of March, 1889, and before the discharge of the grand jury at the March term, 1889, of this court, and before their discharge in the May and October terms, 1889; and that since said time three grand juries have been in session in this county of Shelby and State of Indiana, duly qualified and empowered to present an indictment against any person guilty of a felony in such matter, and of which the prosecuting attorney had notice. Prayer, that the affidavit and information abate. The plea is sworn to by the appellee.

The prosecuting attorney demurred to this plea and the demurrer was overruled and exceptions reserved. The prosecuting attorney then filed a reply, to which the appellee filed a demurrer, which was sustained and exceptions re-

served, and the prosecuting attorney refusing to plead further, the court rendered judgment for the appellee on his plea in abatement and discharged him.

The ruling of the court in overruling the demurrer to the plea in abatement and sustaining the demurrer to the reply thereto is assigned as error.

To constitute a good plea in abatement to the prosecution of a criminal charge by affidavit and information the plea must negative all of the provisions of the statute authorizing a prosecution for the offence by affidavit and information, and this plea does not do so.

The statute (section 1733) provides that " The information may be substantially in the same form as that given for an indictment, substituting for the words, 'the grand jury of the county of ——, upon their oaths, do present,' the following : ' Thomas M. Brown, the prosecuting attorney for the county of——, gives the court to understand and be informed.' It shall not be necessary, in an information, to state the reason why the proceeding is by information instead of indictment.    And in a prosecution for a felony by information, it shall not be necessary to prove the facts showing the right so to prosecute by information, unless such facts are put in issue by a verified plea in abatement."

The plea in abatement as provided for in this section, to be sufficient, must put in issue the right of the prosecuting attorney to prosecute by information ; to do this it must allege facts showing that the prosecuting attorney has no right to prosecute the charge against the defendant in the cause on affidavit and information.

The fourth subdivision of section 1679 provides that a prosecution for all public offences except treason and murder may be prosecuted on affidavit and information, " Whenever a public offence has been committed, and the party charged with the offence is not already under indictment therefor, and the court is in session, and the grand jury has been discharged for the term."

The State *v.* Drake.

Clearly the facts authorizing the prosecuting attorney to prosecute the charge against the defendant under this provision of the statute are not put in issue by the plea in abatement in this case. There is no averment in the plea but that a public offence, and the particular offence charged, had been committed, that the defendant was not under indictment, and the court was in session and the grand jury had been discharged for the term when the affidavit and information in this case were filed.

We are not favored with a brief on behalf of the appellee, and hence are not informed upon what theory it is contended on his behalf that the plea is good, or upon what ground the court overruled a demurrer thereto except as suggested by the prosecuting attorney in his brief.

The theory suggested by the plea itself, and also by the prosecutor, is that it is the duty of the prosecuting attorney, and he is bound at his peril, in all cases where he has knowledge of the commission of an offence before or during a sitting of the grand jury, and has knowledge of witnesses having information in regard to its commission by whom he expects to maintain the charge, to present the matter to the grand jury and obtain an indictment, and if the prosecuting attorney neglects or fails to present the same to the grand jury he is barred from afterwards prosecuting the same on affidavit and information. And it is suggested that counsel for the appellee relied in the court below on the decision in the case of *State* v. *Boswell*, 104 Ind. 541, as supporting this doctrine. We have examined the decision, and it falls far short of supporting any such theory. In that case it was held that if a defendant was arrested before a justice and recognized to appear at a future term of court, there could be no prosecution by affidavit and information, but it must be by indictment; that under such circumstances it must be presented to the grand jury. In that case the statute, approved March 10th, 1873, 2 R. S. 1876, p. 418, which leaves the calling of a grand jury to the dis-

cretion of the court, provided it should be called twice in
every year, does not seem to have been considered. See
*Kennegar* v. *State*, 120 Ind. 176. But the case of *State* v.
*Boswell, supra,* does not conflict with the theory we take of
this case.

It is true, primarily, prosecutions in the circuit court are
by indictment, but to provide a more complete and speedy
method for the prosecution of criminal cases, and to avoid
cases being presented to a grand jury, and going through
with a preliminary examination, when the prosecuting attor-
ney is possessed of the knowledge of the commission of a
crime, and of the information necessary to prosecute the
same, it is provided by statute that certain offences, at cer-
tain times and under certain circumstances, may be made by
affidavit and information. In some cases, where the prose-
cuting attorney is possessed of the knowledge that an offence
has been committed, all the necessary information for pros-
ecuting the violator of the law, and a witness is willing to
make an affidavit for the arrest, a preliminary examination
before a grand jury is unnecessary, and the mode of prose-
cution and the time for instituting it must, of necessity, be,
and is, to some extent, left to the discretion of the prosecut-
ing attorney, who is the sworn officer of the State, charged
with this duty ; but when he prosecutes by affidavit and in-
formation he must come within the provisions of the statute
authorizing prosecutions in that manner.

To authorize a prosecution by affidavit and information,
under the fourth subdivision of section 1679, four things
must concur, and are requisite, viz. : A public offence must
have been committed ; the defendant must not be under in-
dictment ; the court must be in session, and the grand jury
must have been discharged for the term, when the affidavit
and information are filed, and the prosecution commenced.
If these four things exist, then the prosecuting attorney has
the right to prosecute by affidavit and information. The
plea in abatement, in this case, does not put in issue the

truth of these four facts, and it is, therefore, bad, and the court erred in overruling a demurrer to it. *Elder* v. *State,* 96 Ind. 162; *Hodge* v. *State,* 85 Ind. 561.

The ruling on the demurrer to the reply involves the same question, and it was also error to sustain the demurrer to the reply.

Judgment reversed, at costs of appellee, with instructions to proceed in accordance with this opinion.

