Carmien *et al. v.* Cornell *et al.*

The judgment is affirmed.

---

CARMIEN ET AL. *v.* CORNELL ET AL.

[No. 18,119. Filed May 25, 1897.

PLEADING.—*Complaint.—Mutual Life Insurance.—*A complaint by policy holders in a mutual life insurance company to enjoin the company from making an assessment upon its members to pay certain specified policies claimed to be invalid, alleging that the plaintiffs are policy holders in defendant company, is sufficient to show that the plaintiffs were members of the company, without setting forth all the steps taken by the appellees to become members, or stating the amount of fees or assessments paid by them. *pp. 85, 86.*

INJUNCTION.—*By Member of Mutual Life Insurance Company to Prevent Payment of Invalid Claim.—*A policy holder in a mutual life insurance association may maintain a suit to enjoin the association from paying an invalid claim, where it is shown that the association has accumulated, and is accumulating from the assessments collected

Carmien *et al. v.* Cornell *et al.*

from its members, a fund for the benefit of all policy holders, from which policies are paid at the death of the holders, and from which dividends are distributed to the policy holders, and added to their policies.   *pp. 85, 86.*

INJUNCTION.—*To Prevent Officers of Mutual Insurance Company from Paying Invalid Claim.*—Where the officers of a mutual insurance company have accepted the proof of loss of a claim made by the beneficiary of an invalid policy, and are about to lay assessments upon the members for the purpose of paying said invalid claim, the, members of the company have no adequate remedy at law, and are entitled to injunctive relief.   *pp. 87, 88.*

MUTUAL LIFE INSURANCE.—*Joint Action by Policy Holders.*—The holders of separate and independent policies in a mutual life insurance company may join as plaintiffs in a suit to enforce a common interest.   *p. 89.*

PLEADING.—*Abatement Not Pleaded with Answer in Bar.*—An answer in abatement cannot be pleaded with an answer in bar, but must precede it, and the issue must be tried first and separately.   *p. 89.*

From the Elkhart Circuit Court.   *Affirmed.*

*J. S. Dodge* and *O. Z. Hubbell,* for appellants.

*F. E. Baker* and *C. W. Miller,* for appellees.

MONKS, J.—Appellants brought this action as policy holders in a mutual life insurance company, organized under the laws of this State, to enjoin said company from making an assessment upon its members, including appellees, and paying to appellants the amount of two policies upon the life of one Mitchell, said appellants having no insurable interest in his life, and said policy having been issued without his knowledge or consent.   Section 4902, Burns' R. S. 1894 (Acts 1883, p. 203, section 4).   A demurer to the amended complaint for want of facts was overruled. Answers in two paragraphs were filed, the first paragraph being a general denial and the second a plea in abatement.   Appellees' demurrer to the plea in abatement was sustained.   A trial of the cause by the court resulted in a finding and judgment in favor of appellees.

The errors assigned and not waived call in question the action of the court in overruling the demurrer to the complaint, and in sustaining the demurrer to the plea in abatement. It is urged by appellants, against the sufficiency of the complaint, that the same wholly fails to show any interest of appellees in said insurance company, that the averment that appellees are the holders of certain policies in the said company is but a mere conclusion. The part of the complaint concerning appellees' interest in said company is as follows: "That plaintiff, Jacob B. Cornell, is the holder of policy No. 3611, issued by the defendant company to him on March 1, 1890, insuring said Jacob B. Cornell for the benefit of his estate in the sum of one thousand dollars, which policy is now in full force; and the plaintiff, John W. Cornell, is the holder of policy No. 570c, issued by the defendant company on March 1, 1890, insuring the life of said John W. Cornell in the sum of one thousand dollars, for the benefit of his estate, which policy is now in full force. * * * That Jacob B. Cornell and John W. Cornell are now, and have been since March, 1890, members of said defendant society, contributing to its funds for the purpose of paying the expenses and death losses by assessments made against them by the proper officers of said defendant society." It is further alleged, in substance, that the defendant company has accumulated and is accumulating from the assessments collected by it from its members, a fund for the benefit of all policy holders from which policies are paid at the death of the holders to the beneficiaries who are entitled to the same, and from which earnings dividends are distributed to the policy holders and added to their policies, and that said defendant company is a mutual company, organized under the laws of this State, and its funds belong to its members who have legal

policies in said company, and that plaintiffs are inter-
ested in, and part owners of the funds of said com-
pany.

We think these allegations are sufficient to show
that appellees were members of said company, and
had such interest as entitled them to bring this action.
It was not necessary to set forth all the steps taken
by appellees to become members of said company, nor
to state the amount of the membership fees or assess-
ments paid by them.

Appellants cite *Elsey* v. *Odd Fellows Mutual Relief
Association,* 142 Mass. 224, 7 N. E. 844, to sustain the
proposition that a member of an assessment insurance
company cannot maintain a suit to enjoin the com-
pany from paying a policy to a person who claims to
be a beneficiary thereunder. In the case cited the com-
pany was organized under a statute which provides
that such associations may "for the purpose of assist-
ing the widows, orphans, or other persons dependent
upon deceased members, provide in its by-laws for the
payment by each member of a fixed sum, to be held by
such association until the death of a member occurs,
and then to be forthwith paid to the person or persons
entitled thereto." In said case one Wetmore, in his ap-
plication for membership, designated his wife, Addie
E. Wetmore, as the person to whom the benefit was
to be paid upon his death. Afterwards he attempted
to change the designation from his wife to his mother,
Abagail Wetmore. The action was brought by one
Elsey, a member of said association, and Addie E.
Wetmore, the wife, was joined with him as co-plain-
tiff, to enjoin the payment to Abagail Wetmore, the
mother, and the court held that the assignment to the
mother was invalid, and the original designation of
the wife remained in force. The court also said that
the plaintiff, Elsey had no interest in the fund, and

could not maintain the bill. It was conceded that either the wife or the mother was entitled to the money. The controversy, therefore, was between them; and Elsey, as the court held, had no interest in the question, and was not a proper party. Elsey had no interest in the controversy for the further reason that under said statute the person designated by a member receives the money paid in by such member, and has no interest in any other money or funds, and no member has any interest or concern in what is paid in by any other member. The court said concerning this statute: "It authorizes an association of a peculiar character. Its object is to enable a man to lay aside a portion of his income or property, in the nature of an insurance upon his life, to be applied at his death to the use of his widow, orphans, or other persons dependent upon him. But the provisions of the general laws relating to life insurance companies do not apply to this association; the fund held by it is not attachable by creditors of the member, and, by clear implication of the statute, after he has set it aside, he loses the absolute control over it which he has over his other property; he cannot assign it and divert it from the class of beneficiaries described in the statute, and direct its disposition to other persons outside of that class." It is clear that this can give no support to appellants' contention.

It is next insisted by appellants "that the statement in the complaint that 'the said society is about to lay assessments upon its members, including plaintiffs, for the purpose of paying said claim, and will do so unless restrained by this court,' is not sufficient to call for interposition of the strong arm of equity." The following allegations in the complaint are also to be considered in determining this question. "The company has accepted the proofs of loss and claim made

by the holder of said policy as being valid against said company, when in truth and in fact said policy is a fraudulent claim, and never at any time had a legal existence by reason of fraud in procuring the same to be written, as heretofore set forth; that the defendant society, by its managing officers who are in possession of its funds and entrusted with the management of its affairs, is about to pay from the funds of said society` the amount of said policy to the defendant policy holder, although said managing officers well know that said policy is fraudulent, and was never legally issued, and is not and never has been a valid claim against said society; that the said managing officers of said society and the said defendant policy holders have agreed that said claim is a valid claim and that the same shall be paid by said managing officers without defense; that the said managing officers of the said society, for the purpose of assisting the defendant policy holder in obtaining the money of said society upon said fraudulent claim, have refused these plaintiffs to decline said claim and to contest the same, although requested by the plaintiffs so to do, and the said managing officers will not now, or at any future time, as plaintiffs charge and believe, make any defense whatever against said claim; that if the defendant policy holder herein should institute an action of law against said society for the purpose of recovering upon said policy, the said managing officers of said society, in violation of their duties to these plaintiffs, would permit a judgment to be taken against said society by default, or without making the defense against said policy which equitably exists." These allegations show that appellees had no adequate remedy at law and were entitled to injunctive relief. Section 1162, Burns' R. S. 1894 (1148, R. S. 1881); *Champ* v. *Kendrick*, 130 Ind. 549.

Carmien *et al. v.* Cornell *et al.*

In *Champ* v. *Kendrick, supra,* this court said, the "remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess."

Appellees each had separate and independent policies in said insurance company, but the object of the suit was to enforce a common interest, and they therefore had the right to join as plaintiffs in bringing this action. *First Nat'l Bank* v. *Sarlls,* 129 Ind. 201; *Town of Sullivan* v. *Phillips,* 110 Ind. 320; *Tate* v. *Ohio, etc., R. R. Co.,* 10 Ind. 174, and cases cited; *Kipper* v. *Glancey,* 2 Blackf. 356; *Ruffing* v. *Tilton,* 12 Ind. 259; *Strong* v. *Taylor School Tp.,* 79 Ind. 208; *Field* v. *Holzman,* 93 Ind. 205; Thorton's Ind. Prac. Code, p. 24, notes 9, 12, 14, 15.

Under our code of procedure an answer in abatement cannot be pleaded with an answer in bar, but must precede it, and the issue must be tried first and separately. Section 368, Burns' R. S. 1894 (365, R. S. 1881); *Field* v. *Malone,* 102 Ind. 251; *Glidden* v. *Henry,* 104 Ind. 278; *Brink* v. *Reid,* 122 Ind. 257; *Watts* v. *Sweeney,* 127 Ind. 116.

The answer in abatement was filed with the general denial, an answer in bar, and was subject to be stricken out on motion, the error therefore, if any, in sustaining a demurrer thereto was harmless. *Watts* v. *Sweeney, supra.*

Finding no available error in the record the judgment is affirmed.