## SMITH v. STATE OF INDIANA.

[No. 23,506.   Filed October 29, 1919.]

1. CRIMINAL LAW.—*Grand Jury.*—*Irregular Organization.*—*Calling Bystander.*—*Plea in Abatement.*—Where a member of the grand jury regularly called was excused and a substitute member, at the direction of the court, was called by the sheriff from the bystanders and sworn as a member of the jury, the jury thus organized was irregular and could not return an indictment which could stand when properly attacked; and a plea in abatement stating such facts, and disclosing that the defendant had not by conduct or omission waived the defect, should have been sustained.   p. 502.

2. CRIMINAL LAW.—*Plea in Abatement.—Negativing Defenses.*—A plea in abatement to an indictment must anticipate and exclude all such supposable matter as would, if alleged by the opposite party, defeat the plea. pp. 503, 504.

3. CRIMINAL LAW.—*Organization of Grand Jury.—Calling Bystander.*—A plea in abatement to an indictment for assault and battery with intent, based on irregularity in the organization of the grand jury through the improper substitution of a bystander for an excused member, was insufficient as against a demurrer where the record shows that the defendant, before the filing of the plea, made several requests for continuances, with actual or constructive knowledge of the facts, the requests under such circumstances constituting a waiver of the right to make such attack. pp. 503, 505.

4. CRIMINAL LAW.—*Plea in Abatement.—Negativing Defenses.*—*Sufficiency.*—Though it may be presumed that the proceedings of the grand jury are regular, it may also be a fact that they are defective, and ignorance alone of the defect is not sufficient to excuse a delay of eighteen months in attacking the indictment by a plea in abatement for irregularity in the organization of the grand jury; but ignorance after due diligence to learn is an excuse for such delay. pp. 503, 504.

From Fulton Circuit Court; *Smith N. Stevens,* Judge.

Prosecution by the State of Indiana against Henry Smith. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William J. Reed* and *J. H. Bibler,* for appellant.

*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

HARVEY, J.—In this prosecution of appellant upon an indictment for assault and battery with intent to kill, the court sustained a demurrer to appellant's plea in abatement.

The plea alleged that one member of the grand jury regularly called was excused, and that a substitute member was, at the direction of the court, called by the sheriff from among the bystanders, and was sworn as a member of the jury. A jury so organized is irregular and cannot return an indictment

which will stand when properly attacked. See *Stipp* v. *State* (1917), 187 Ind. 211, 118 N. E. 818. A plea in abatement setting up such facts should be sustained, provided that it discloses that the defendant has not by his conduct, or by omission, waived the defect.

Such a plea must anticipate and exclude all such supposable matter as would, if alleged by the opposite party, defeat the plea. *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 519, 51 N. E. 143; *State* v. *Comer* (1901), 157 Ind. 611, 614, 62 N. E. 452; *C. Callahan Co.* v. *Wall Rice, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418; *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510.

This plea in abatement was filed more than eighteen months after the indictment was returned, and after six terms of the circuit court had passed. The record discloses that the defendant had prior to the filing of his plea asked and been granted several continuances. If it be that the court cannot for the purpose of aiding or defeating a plea of abatement look outside of the plea, and to the record, or take judicial knowledge of the record, which proposition we do not here decide, still the fact that the record discloses such requests shows that the supposition that he had requested such rulings is well justified; and if the supposable requests were made with knowledge, actual or constructive, of facts which would make the indictment subject to successful attack, then such supposable requests constituted a waiver of the right to make such attack.

Appellant evidently recognized this as the correct rule by offering ignorance as an excuse for his delay, and for that purpose he alleged in his plea that he was a resident of and was in the State of Iowa when the grand juror was substituted, and when the grand jury made its investigation and returned the in-

dictment, and had no knowledge of the fact of such substitution, or method of such substitution, or of the fact that the grand jury was investigating any charge against him. As a further excuse, the plea further alleges that an attorney living at Knox, Indiana, who represented him in defending against said indictment, had no knowledge of such facts until the —— day of April, 1919. The plea was sworn to and filed on April 8, 1919.

The plea is subject to the supposition that counsel had represented defendant from the date of said indictment; such a supposition is supported to some extent by 2. the fact disclosed in the plea that, six months before the indictment, defendant was charged by affidavit in the same court with the same offense, and that he was during said six months represented in said matter by counsel; and the plea does not negative the supposition that he was represented by counsel continuously from the date of said indictment, nor does the plea negative the fact that he may have been represented during the existence of said indictment by other counsel who knew said facts. To constitute a proper negative in such matters, the plea must allege facts showing the contrary. State v. Drake (1890), 125 Ind. 367, 25 N. E. 434.

This plea in abatement does not state that the defendant or his counsel used any diligence whatever to learn whether or not the grand jury was lawfully 4. organized. While it may be presumed that such proceedings are regular, it may also be a fact that they are defective. Ignorance alone of such defect is not a sufficient excuse. Ignorance, after due diligence to learn, is an excuse. Rice v. State (1861), 16 Ind. 298.

So far as appears by this plea, this defendant had every opportunity to learn early, through his counsel, any and every fact bearing upon the sufficiency of the

3.  proceedings; and it is easily supposable that defendant's counsel did not know of the defect in the selection of the substitute grand juror simply because counsel had not earlier investigated the showing made by the record.

The plea in abatement was properly held insufficient. The other propositions made and insisted upon depend upon the sufficiency of the plea in abatement, and are determined against appellant by what has been said.

The judgment below is affirmed.

NOTE.—Reported in 124 N. E. 698. Grand jury, irregular selection, effect, 10 Ann. Cas. 964, Ann. Cas. 1918A 1080, 16 C. J. 407-410.