## PRICE *v.* STATE OF INDIANA.

[No. 25,093.   Filed November 14, 1929.   Rehearing denied January 30, 1930.]

*W. E. Henderson,* for appellant.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, and *George J. Muller* and *V. Ed Funk,* Deputy Attorney-Generals, for the State.

MYERS, J.—Appellant, on two counts of an indictment, was found guilty of embezzlement. §2470 Burns 1926. A demurrer to appellant's plea in abatement was sustained, his motion to quash overruled, trial before the court without a jury, finding and judgment that he pay a fine of $500 and be imprisoned in the State Prison for a period of two to 14 years and disfranchised for a term of two years. The sustaining of the State's demurrer to appellant's plea in abatement and the overruling of his motion for a new trial are the errors assigned.

The counts of the indictment upon which appellant was convicted, in substance, charged (Count 1) that he, as agent and treasurer of the Simpson Methodist Episcopal Church of Indianapolis, Indiana, took into his possession, $1,000 lawful and current money of the United States of America, the property of the Simpson Methodist Episcopal Church of Indianapolis, Indiana, and to the possession and ownership of which, said church was then and there lawfully entitled, and while appellant was so acting and in possession and control of the money, he then and there unlawfully, feloniously and fraudulently, without the consent of said church, did take, purloin, secrete, embezzle and appropriate to his own use said money.

The other count on which he was convicted was the same as Count 1, except it charged appellant with being the agent of certain named persons, who were then and

there the trustees of said church, which $1,000 was the property of the parties named as such trustees of said church, and which trustees were lawfully entitled to the money.

To the foregoing indictment, appellant, by a verified plea in abatement, in substance averred that the grand jury presented each of the counts of the indictment against him solely upon information obtained by summoning defendant and his attorney to produce the private books and papers of the defendant over his objection, and that, upon the evidence exclusively furnished by these books and papers, the grand jury returned each count of the indictment.

In the case at bar, the indictment was returned November 12, 1924, and on December 1, 1924, appellant appeared in open court, waived an arraignment, and entered a plea of not guilty. On July 18, 1925, the trial court permitted appellant to withdraw his plea of not guilty, and four days later he filed the above plea in abatement, to which the State's demurrer was sustained.

Our criminal procedure makes no provision for the filing of a plea in abatement to a criminal charge, but, in view of §2406 Burns 1926, Acts 1905 p. 584, §344, this court has recognized the right of a defendant to file such a plea. *Smith* v. *State* (1919), 188 Ind. 501, 124 N. E. 698; *State* v. *Drake* (1890), 125 Ind. 367, 25 N. E. 434; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117.

It will be noticed that, with the consent of the court, the answer in bar was withdrawn, and nearly eight months after a plea of not guilty had been entered, the plea in abatement was filed. The record does not disclose any excuse or reason for the delay in filing it. This court has ruled that the statute, §2406, *supra*, under which appellant was authorized to file such plea, should be strictly construed, and hence one seeking its benefit

must affirmatively show himself entitled to the right thus given him.

As a general proposition, a plea in abatement must precede an answer in bar. *Brink* v. *Reid* (1890), 122 Ind. 257, 23 N. E. 770; *Chicago, etc. R. Co.* v. *Grantham* (1905), 165 Ind. 279, 290; *Carmien* v. *Cornell* (1897), 148 Ind. 83, 89, 47 N. E. 216; *Watts, Trustee,* v. *Sweeney* (1891), 127 Ind. 116, 126, 26 N. E. 680. However, this is not a hard and fast rule, for a showing of ignorance of the facts exhibited in the plea in abatement at the time of answering in bar, and, on learning them, prompt action in bringing them to the attention of the court, are matters calling for the exercise of a sound legal discretion on the part of the trial court, and such discretion is reviewable on appeal. In the instant case a motion to strike out appellant's plea in abatement would have been the proper practice, but, since the ruling on the demurrer brought the same result, no reversible error was thereby committed. *Smith* v. *State, supra; Watts, Trustee,* v. *Sweeney, supra.*

Appellant, in support of his motion for a new trial, first insists that the court erred in refusing to suppress the evidence of Walter Randall, an accountant who had been employed by the church authorities to audit the books of the church, which included the books kept by the treasurer pertaining to the church's financial condition. This witness merely gave evidence as to what he did in making an audit and the result reached. This evidence was properly admitted.

Next, appellant insists that there was no evidence to show fraudulent intent. The evidence in this case conclusively shows that appellant, as church treasurer, received a considerable sum of money, the property of the church. If he wrongfully and unlawfully appropriated any of such money to his own use, guilty intent will be inferred from such act of ap-

propriation. *Fowler* v. *Wallace* (1892), 131 Ind. 347, 354, 31 N. E. 53; *Commonwealth* v. *Tenney* (1867), 97 Mass. 50, 59.

Furthermore, he claims there was no evidence to show that he had no right to pay out money for the benefit of the church without orders from the finance committee, nor evidence to show that he was not entitled to remuneration for his services. These were matters of defense. The State traced into appellant's hands as treasurer of the church a large amount of money. Whether he properly accounted for all of it was a question of fact the trial court had to determine. On this point, the evidence was in dispute. Below, every reasonable doubt was in favor of the defendant, but, in this court, the lower court has the presumption of correct action. As to the sufficiency of the evidence to sustain a finding of guilty, we are concerned only with the question of whether or not there was legal evidence from which the trial court might reasonably infer each essential fact to warrant a conviction. We are not trying this case *de novo*. Nevertheless, we have read all the evidence carefully, and have reached the conclusion that we would not be authorized to disturb the finding of the trial court for want of evidence.

Judgment affirmed.