### McHugh v. State of Indiana.

[No. 25,833.   Filed February 6, 1930.]

*G. Andrew Golden*, for appellant.

*James M. Ogden*, Attorney-General, and *V. Ed Funk.* Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was indicted and convicted of the unlawful purchase and receipt of intoxicating liquor, in violation of Acts 1925, ch. 48, §4, §2717 Burns 1926. The judgment was that he be fined in the sum of $100, be imprisoned at the Indiana State Farm for a period of 30 days, and pay the costs. On appeal, he has assigned as errors that the court erred in overruling his plea in abatement and in overruling his motion for a new trial.

After the defendant had entered a plea of not guilty, he filed a motion to withdraw this plea. As a part of that motion, he made the following statements: "The defendant in this cause shows that, at the time of his arraignment in this cause, he was not represented by an attorney; that he was ignorant of his rights in this cause at the time of arraignment and that he inadvertently

entered his plea of not guilty, and now desires to withdraw his plea of not guilty and have the special appearance of his attorney entered in this cause. That this is the first opportunity he has had since said arraignment to file this motion, and that, immediately upon procuring an attorney, this motion is filed."

In *Price* v. *State* (1929), *ante* 460, 168 N. E. 579, this court said: "As a general proposition, a plea in abatement must precede an answer in bar. . . . However, this is not a hard and fast rule, for the showing of ignorance of the facts exhibited in the plea in abatement at the time of answering in bar, and, on learning them, prompt action in bringing them to the attention of the court, are matters calling for the exercise of a sound legal discretion on the part of the trial court, and such discretion is reviewable on appeal." In the instant case, the motion to withdraw the plea of not guilty and file a plea in abatement was granted by the court. The ruling of the court on that motion was correct and the defendant was entitled to file his plea in abatement.

The verified plea in abatement stated that, on October 30, 1928, the defendant was charged with unlawfully purchasing and receiving intoxicating liquor by the grand jury of the Fayette Circuit Court, and that the indictment is null and void for the following reasons: (1) That said indictment, at the time it was presented, at the time it was indorsed a "true bill," and at the time it was received and filed and a record made thereof, contained no charge, but the same was a printed blank form in which the blanks were not filled and which contained no charge; that thereafter, when the grand jury was not in session, the prosecuting attorney took and withdrew from the files of said court, the blank indictment, and filled therein, in the blanks on said indictment, a charge of purchasing and receiving intoxi-

cating liquor, and filled in the blanks of said indictment the name of James McHugh, defendant herein, in the proper place therefor, and filled therein, in the blank spaces provided therefor, after the words "then and there" in said indictment, the words "unlawfully purchase and receive intoxicating liquor from one Abner Turner," fixing therein, and filling in the space provided therefor, the date of August 31, 1928; and the prosecuting attorney then returned the same to the files of said court, and a record of the filing thereof was made in the Fayette Circuit Court; that the indictment is null and void and of no force and effect; that the same has been materially changed and altered; that, by reason thereof, said indictment was not an indictment; that said pretended indictment was not an indictment at the time it was received and filed and a record made thereof, and that the same was never returned in open court; (2) that, on August 27, 1928, grand jurors were selected and drawn by the duly appointed and qualified officers of said Fayette Circuit Court; that the names of six persons were drawn to serve as grand jurors, and the name of a seventh person was drawn as a special venire to serve as a grand juror; that, when the court attempted to impanel a grand jury, it was discovered that one of said grand jurors was not a qualified grand juror and was excused, and it was further discovered that another one was incapable of serving upon the grand jury by reason of ill health; that thereupon, the judge of the Fayette Circuit Court ordered the sheriff to fill the vacancy on said grand jury, and that the sheriff called from the bystanders a man to serve as a grand juror; that the vacancy was not filled by calling the jury commissioners and having the name of an additional member of said grand jury drawn as provided by law; that the defendant was indicted by the grand jury so organized; that he had no opportunity to appear and object to defects in said

grand-jurors' organization by challenge as the grand jury was organized and impaneled before the alleged commission of the offense; that said indictment is defective, illegal, null and void.

The defendant stated in the plea in abatement that, for each of the two causes stated therein, the indictment should abate. The plea in abatement was "overruled" by the court without any pleading being filed thereto and without any issue being formed thereon. To this ruling of the court, the appellant objected and excepted at the time.

The defendant raised two questions by his plea in abatement, upon which he was entitled to have a hearing.

In *Eshelman* v. *State* (1930), *ante* 475, 169 N. E. 861, a like question as to the validity of the same grand jury was presented to this court. It was held in that cause that, where there was no trial of issues on the plea in abatement, the action of the court in "overruling" same was properly presented by an independent assignment of error, as herein relied upon. In that case, this court said: "In filling such a vacancy as occurred in this grand jury, it is necessary that the court follow the provision of §580 Burns 1926, and notify the clerk of the circuit court, and for the clerk to immediately proceed to draw from the jury box the number of names required. The provisions of the statute, not having been complied with, it follows that the grand jury was not legally organized."

The court erred in "overruling" the plea in abatement, for which error the judgment is reversed. The cause is remanded to the trial court for further proceedings therein.

Willoughby, J., concurs in result.