METZ, ET AL. *v.* STATE OF INDIANA.
HASENOUR *v.* STATE OF INDIANA.

[Nos. 27,390 and 27,391, respectively. Filed June 10, 1940.]

*A. R. Stimson,* of Huntingburg (*Ely, Corn & Nixon,* of Petersburg, of counsel), for appellants.

*Omer S. Jackson,* Attorney General, and *George B. Davis,* Deputy Attorney General, for the State.

TREMAIN, J.—These are appeals from convictions on a grand jury indictment based on §§ 10-1410 and 10-1411, Burns' 1933, §§ 2893, 2894, Baldwin's 1934, charging appellants with failure to support their father. The three appellants were indicted jointly.

Upon their arrest the appellants filed a joint verified plea in abatement, wherein they alleged that they were subpoenaed and compelled to appear before the grand jury and testify under oath; that they had no attorney and did not know their rights with reference to such testimony; that they were questioned by the grand jury concerning the offense charged against them in the indictment, and were indicted upon testimony given by them. Thereafter, the court overruled the plea in abatement over the objections of appellant, without any hearing thereon.

Following this action of the court, the defendants were put to trial before a jury. Theresia Metz and Anna Peiper were tried together and August Hasenour was tried separately. The jury in each case found the defendants guilty as charged and assessed fines in the sum of $1.00 each. The court rendered judgment upon the verdicts, but suspended its execution upon the condition that each defendant contribute to their father for his support the sum of $7.50 per month. The defendants excepted and appealed to this court.

On appeal it is asserted by the appellants that they were immune from prosecution by reason of the provisions of § 9-1605, Burns' 1933, § 2261, Baldwin's 1934; that the indictment returned against them charged a misdemeanor, and is controlled by that section of the statute, which follows:

"Whenever any person is required to testify touching the commission of any misdemeanor, his evidence therein shall not be used in any prosecution against him, except in case of perjury committed by him therein; and he shall not be liable to trial by indictment or affidavit or to punishment for such misdemeanor."

This statute was considered by this court in *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433. In that case

the defendant, in a prosecution against him for visiting a gaming house, attempted to file a plea in abatement alleging the fact that he had been called before the grand jury and examined as a witness, and for that reason was immune from prosecution. Some other questions are there involved, but the vital part of the decision, so far as the case at bar is concerned, relates to the question arising under the statute quoted above, where a defendant had been called to testify as a witness before the grand jury. It is there argued by the state that the defendant when called might have stood upon his constitutional right and refused to testify, but the court there held that, in a prosecution for a misdemeanor under the statute, the prosecuting attorney could compel the defendant to testify before the grand jury, but under the statute the party testifying was immune from prosecution. In passing upon that point the court said, page 5:

"Appellant could not have successfully resisted a grand jury subpoena. The invitation was by an officer whose duty it was to have the subpoena issued, and, once before the grand jury, appellant was bound to answer all proper questions propounded by the prosecuting attorney relative to misdemeanors, whether the answers would be criminating or not. It appears that criminating questions were put to appellant and by him answered. Such being the case, the law intervened to protect him from prosecution and punishment on account of a criminal charge thus brought about."

Also see: *State* v. *Pence* (1909), 173 Ind. 99, 89 N. E. 488; *Overman* v. *State* (1924), 194 Ind. 483, 490, 143 N. E. 604; *McHugh* v. *State* (1930), 201 Ind. 527, 169 N. E. 859.

In answer to appellants' contention, the state asserts that the court did not err in overruling the plea in abatement without the formation of an issue or hearing

thereon. It is conceded by the state that no issue was formed or evidence heard on the plea; that the facts stated in the plea in abatement were not sufficient to abate the action; that appellants had the right to refuse to testify before the grand jury but did not assert that right. The principal authority relied upon by the state is *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452. This case holds that under the Constitution no person in any criminal case shall be compelled to testify against himself, but, if called to testify and does so without objection, he is deemed to have testified voluntarily. The rule announced does not apply to the case at bar. The statute here relied upon, as granting immunity, was not in existence at the time of the decision in the Comer case, and, of course, could not control. It is § 237, chapter 169, Acts 1905, page 584; § 9-1605, Burns' 1933, § 2261, Baldwin's 1934.

The facts alleged in the plea in abatement, in the case at bar, clearly bring the appellants within the statute, and under the holding in the Atkinson case there can be no doubt as to the right of the appellants to claim immunity from prosecution. When the prosecuting attorney chose to issue subpoenaes and bring the appellants before the grand jury to testify as witnesses, he thereby foreclosed his right to prosecute them, either by indictment or affidavit.

For the error of the court in overruling the plea in abatement, the judgment in each case is reversed.

NOTE.—Reported in 27 N. E. (2d) 761.